### L. McKellar and wife v. W. D. W. Peck.

(March 16, 1880.)

Conveyance of homestead.— Requisites of; privy examination of wife; admissibility of parol evidence to show; notary's certificate must be under seal.

Appeal from Gonzales county. Opinion by Walker, J.

Statement.— On the former appeal in this case, on substantially the same facts, the supreme court held the trust deed inadmissible as against the homestead rights of Mrs. McKellar. An examination of the authorities cited by counsel, and such additional investigation as we have been able to give, leads us to the same conclusion. The act defining the mode of conveying property in which the wife has an interest, being the law for the sale of the homestead, prescribes that " the judge or notary shall certify such privy examination, acknowledgment and declaration, *under his hand and seal*, by a certificate annexed to said writing,"

giving a form which may be followed. The act also prescribes that "any certificate showing the requisites of the law shall be as valid as the form here prescribed, and such deed or conveyance so certified shall pass all the rights," etc. This, as to lands, is the exclusive mode of conveying the wife's separate property or the homestead. Berry *v.* Donley, 26 Tex., 745. To deeds *so certified*, the certificate of privy acknowledgment being under the hand and seal of the officer, is given the effect of passing title.

By statute "no notarial act shall be valid unless the seal of office of such notary be appended." Pasch. Dig., 4684. Under a statute similar in terms in Illinois the supreme court of that state held: "We cannot say that the seal is a mere formality that adds nothing to the dignity or solemnity of the instrument. It is enough that the law positively requires it. The propriety of the requisition rests with the legislature. A notary is empowered to take the acknowledgment of a deed and certify the same under his official seal. He has no power to do it in any other manner." Mason *v.* Brock, 12 Ill., 277; Booth *v.* Cook, 20 Ill., 130; Holbrook *v.* Nichol, 36 Ill., 163; Harding *v.* Curtis, 45 Ill., 252; Elliott *v.* Peirsol, 1 Pet., 338. See, also, King *v.* Russell, 40 Tex., 430.

If it is the deed so certified that passes the title, can the certificate or an essential part of it be supplied by parol testimony? "A certificate of acknowledgment is something more than a written instrument. It is the evidence required by law of the execution and acknowledgment of a written instrument of the highest order. Can the requirements of the law be thus qualified or corrected even in a court of equity?" O'Farrell *v.* Simplot, 4 Iowa, 164, 165; Berry *v.* Donley, 26 Tex., 745.

"If there is a defect in the wife's conveyance rendering it void at law, it is equally so in equity." 1 Bishop on the Law of Married Women, § 599. The court below evidently regarded the privy acknowledgment as passing the wife's title, regarding the notarial certificate only as evi-

dence of the examination. The notary was permitted to prove the privy examination, and on this testimony the deed of trust was admitted.

It is believed that our statute, as construed by our court, means, so far as applied to this case:

1. That the statute enabling married women to convey (P. D., art. 1003) by deed is, as to the mode of conveying their separate property in land and their homestead rights, exclusive, negativing the validity of any other. Berry v. Donley, 26 Tex., 744; Belcher v. Weaver, 46 Tex., 296.

2. That it is the authenticated certificate of privy acknowledgment to the deed that gives it the effect of passing title; it being only deeds so certified that pass title. Statute and cases above; Elliott v. Peirsol, 1 Pet., 338.

3. The certificate concludes the wife's interest, and cannot be attacked save for fraud; on same principle it should not be aided by parol. Williams v. Powers, 48 Tex., 141; Hartley v. Frosh, 6 Tex., 208.

4. The official seal, under the original statute prescribing the form, and under the statute governing the duties and powers of notaries, is necessary to the validity of the notarial certificate of privy acknowledgment. The absence of the seal renders the certificate invalid.

5. The notarial certificate being the evidence required for the fact of privy examination, it was error to admit parol testimony to such examination.

For the error in the court below in giving to the trust deed so proven the effect of conveying the homestead, the judgment must be reversed. There being no testimony sufficiently identifying *the homestead*, the cause will be remanded for the purpose of ascertaining the boundaries of the homestead of two hundred acres; the plaintiff to recover the excess over the two hundred acre homestead.