FREDERICK J. ROMER *vs.* JOHN B. CONTER *et al.*

Submitted on briefs April 21, 1893. Decided May 5, 1893.

**Pleading—Anticipating Defense.**

The rule that a complaint need not anticipate and negative matter of defense—as payment—applied.

**Execution of an Instrument Proved by the Certificate of its Acknowledgment.**

An official certificate of acknowledgment of the execution of an indemnity bond constitutes *prima facie* proof of its execution. Charge of the court construed as having this meaning.

**Order of Proofs.**

The rule that the order of proof may be regulated by the discretion of the court applied.

Appeal by defendant, John B. Conter, from an order of the District Court of Ramsey County, *Chas. D. Kerr,* J., made June 18, 1892, denying his motion for a new trial.

On June 6, 1889, Frank W. Farrar and Seth K. Howes owned eight lots in Summit Terrace, St. Paul, and made a contract with plaintiff, Frederick J. Romer, to build thereon for them a block of eight houses for $48,686; and he on June 11, 1889, gave them a bond for the use of any and all persons who might do work or furnish materials, conditioned to pay all just claims for such work and materials. The defendants Ferodowill & Sickel on the same day contracted with plaintiff to furnish materials for, and do the brick-work on, the houses. They, as principals, and the defendant John B. Conter as surety, also gave plaintiff a bond in the penal sum of $7,200, conditioned to perform their contract and pay for all labor and materials. The execution of this bond was acknowledged by all the obligors before a Notary Public. Ferodowill & Sickel bought 146,500 brick for the work, of the Wisconsin Red Pressed Brick Company and agreed to pay therefor $1,228.25. The brick were worth that sum and were delivered and used in the performance of the subcontract, but defendants paid thereon only $656. The Brick Company brought suit on the bond given by plaintiff and he was compelled to, and did, pay the balance, $679.84, including interest and costs. Plaintiff then brought this action upon the bond

so given by the subcontractors and Conter, to recover of them the amount he so paid.

The defendant Conter alone appeared. He answered that he never executed or acknowledged the bond to the plaintiff. The issues were tried January 26, 1892, and plaintiff had a verdict for the amount claimed. On the trial, plaintiff offered in evidence the bond purporting to have been executed by the subcontractors and defendant Conter, without giving any proof of its execution save the certificate of acknowledgment indorsed thereon. Defendant objected, but was overruled and he excepted. Plaintiff rested without giving any other evidence of its execution. The defendant and his witnesses then testified that he never signed or delivered the bond, and rested. The plaintiff was then permitted over the objection of defendant, to introduce evidence of the execution of the bond by defendant and that the signatures thereto were genuine. Plaintiff then offered in evidence two checks drawn by him to the order of defendant, and indorsed by Conter and stamped paid by the bank. These were objected to by defendant as incompetent, but were admitted and he excepted to the ruling. They were marked Exhibits 14 and 17, and seem to have been offered to enable the jury to compare defendant Conter's signature thereon with his disputed signature to the bond. *Morrison* v. *Porter*, 35 Minn. 425.

*P. W. Faricy* and *M. D. Munn*, for appellant.

*Otis & Godfrey* and *O. E. Holman*, for respondent.

DICKINSON, J. The cause of action set forth in the complaint is in brief as follows:

In June, 1889, the plaintiff contracted with the owners of certain lands to erect a block of buildings thereon, obligating himself by a bond with sureties for the use of all persons who might furnish materials or labor for the construction, with the condition that their claims should be paid. The defendants Ferodowill & Sickel were subcontractors under the plaintiff, and they obligated themselves to him by bond, with the appellant, Conter, as their surety, as is alleged, conditioned that they should pay for all labor and material contributed in the performance of their subcontract. Certain persons supplied material to Ferodowill & Sickel, the subcontractors, for which the latter did not pay. Such material men then sued this

plaintiff and his sureties on their bond, and recovered judgments, which the plaintiff paid. Thereupon he instituted this action on the bond executed to him by the subcontractors, to recover the amounts of the judgments so recovered against and paid by him. A verdict was rendered for the plaintiff, a new trial refused, and the defendant Conter has appealed. He denies that he executed the bond.

1. The complaint shows upon its face a right of recovery. If the plaintiff has any means of reimbursement, or has been reimbursed or paid for what he has been compelled to pay on account of the subcontractors, that would have properly been matter of defense, in so far as it may have constituted a defense. The plaintiff was not required to plead the nonexistence of any such facts.

2. The bond bearing an official certificate of acknowledgment of the execution of it by the obligors named in it, and whose names appeared to have been subscribed thereto, the instrument was receivable in evidence without other proof of its execution. 1878 G. S. ch. 73, §§ 67–96. Section 89 of the same chapter does not qualify the effect or force of an official acknowledgment under the statutes above cited as *prima facie* proof of the execution of instruments authorized to be acknowledged. Even though the execution is denied under oath, the certificate of acknowledgment is *prima facie* evidence of the execution.

3. The ruling of the court allowing the plaintiff to present evidence of the execution of the bond by Conter after the latter had introduced his evidence in support of his denial of the execution was a matter within the discretion of the court.

4. The court instructed the jury that the burden of proof rested upon the plaintiff, in the first instance, to establish the fact that the bond was executed by Conter; and that he (plaintiff) had introduced the bond itself bearing the certificate of acknowledgment, and then added: "This circumstance, under the law of this state upon that subject, entitled the bond to be introduced and received in evidence, and shifted the burden of proof onto the defendant Conter to show that he did not execute the bond." Exception was taken to that part of the charge which we have recited. The point is now argued as though the court had instructed the jury that, the bond having been presented bearing a certificate of acknowledgment, the general

burden of proof, upon the issue as to its execution, rested upon the defendant. But that was not the language or effect of the instruction. The more apparent meaning was that the certificate of acknowledgment constituted *prima facie* proof of the execution, so that it then devolved upon the defendant to show that he did not execute it. This was strictly true. If the defendant had offered no evidence upon the point, the plaintiff's *prima facie* case would have become conclusive.

As to the assigned error in respect to the receiving of Exhibits 14 and 17 in evidence, the appellant declines in his brief to do more than to reiterate his assignment of error. We therefore decline to consider it. If there was anything in the point it deserved some consideration at the hands of the appellant.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1052.)