## AURELIUS-SWANSON MILLWORK CO. et al. v. FIRST NAT. BANK.

No. 13394—Opinion Filed April 15, 1924.

Rehearing Denied Dec. 16, 1924.

(Syllabus.)

1. **Pleading — Notes — Execution by Corporation — Verified Denial — Effect.**

In a suit on a promissory note, where plaintiff's petition alleged the note was executed by a corporation and defendant filed a verified answer alleging that the note was not executed by authority of the corporation, or its board of directors, this verified denial was a sufficient denial of the execution of the note to cast the burden of proving due execution on the plaintiff.

2. **Acknowledgment — Certificate — Admission of Mortgage in Evidence.**

Section 5267, Comp. Stat. 1921, makes the

acknowledgment of a real estate mortgage prima facie evidence of its due execution, and a mortgage properly acknowledged may be admitted in evidence without further proof of the authority of the officers of the corporation to execute the same, although its execution has been denied under oath.

### 3. Mortgages — Recitals in Mortgage as Proof of Due Execution of Note.

The recitals of a mortgage acknowledged in substantial compliance with the statute and which has been introduced in evidence are sufficient to prove prima facie the execution of a note which the mortgage described and secured, and renders the note admissible in evidence without further proof of the authority of the agent of the corporation to execute the same for the corporation.

### 4. Acknowledgment — Sufficiency — Mortgage by Corporation.

A mortgage which on its face purports to have been executed by a corporation, and which was signed by the corporation name by the president, and attested by the secretary, with the corporate seal attached, was a substantial compliance with section 5287, Comp. Stat. 1921, where the acknowledgment recited that "before me the undersigned, a notary public in and for said county and state personally appeared E. L. Aurelius as president and H. P. Matthiesen, secretary (Aurelius-Swanson Millwork Co.) personally to me known to be the identical persons who executed the within and foregoing instrument as grantor and acknowledged to me that they executed the same as their free and voluntary act and deed for the uses and purposes therein set forth," although the acknowledgment does not recite that the person executing the same did so "as the free and voluntary act and deed of such corporation."

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by the First National Bank in Oklahoma City against the Aurelius-Swanson Millwork Company et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

COCHRAN, J. This action was instituted by the defendant in error, as plaintiff, for the purpose of foreclosing a real estate mortgage, purporting to have been executed by Aurelius-Swanson Millwork Company, a corporation, covering certain real estate, fixtures, and machinery, and securing a certain purported promissory note for $35,000. Judgment was rendered for the plaintiff, and the defendants have appealed.

The note and mortgage sued on were signed "Aurelius-Swanson Millwork Company, by E. L. Aurelius as president," and attested "H. P. Matthiesen, secretary." The defendants filed a verified answer, denying that the note and mortgage were executed by authority of the corporation or its board of directors or stockholders. The plaintiff offered the note and mortgage in evidence without proof of authority, on the part of the president and secretary of the corporation, to execute the same. The defendants objected to the introduction of the note and mortgage, and the objection was overruled, and the instruments admitted in evidence. No evidence was introduced showing that the instruments were executed under proper authority. The defendants contend that the verified answer of the defendants placed the burden of proof on the plaintiff to prove that the president and secretary of the corporation were authorized by the corporation to execute the note and mortgage, and having failed to make such proof, said instruments were inadmissible in evidence. In Topeka Capital Co. v. Remington Paper Co. (Kan.) 59 Pac. 1062, a portion of the syllabus is as follows:

"To a petition against a corporation upon promissory notes the defendant filed a verified answer that 'none of the notes set out in plaintiff's petition was ever authorized by defendant's board of directors, nor by a majority of them, nor by a majority of a quorum of them.' Held, it was a sufficient denial of the execution of the notes, and of the authority of the agent assuming to execute them for the corporation, and that it cast the burden of proof of their execution and the authority of the agent on the plaintiff, and that the court erred in rendering judgment against the defendant on the pleadings."

In the case of Marshall Field & Company v. Orin Ruffcorn Company (Iowa) 90 N. W. 618, the court said:

"Where, in a suit against a corporation on a note purporting to be that of the corporation, by its president, and incorporated in the complaint, defendant denies, under the Code, section 3640, that the president had authority to sign, the note is not admissible in evidence until the authority is shown."

We are of the opinion that the verified answer placed the burden of proof on the plaintiff to prove that the note and mortgage were executed under proper authority.

Section 5267, Comp. Stat. 1921, provides:

"All instruments affecting real estate and executed and acknowledged in substantial compliance herewith shall be received in evidence in all courts without further proof of their execution. * * *"

In Dyal v. Norton, 47 Okla. 794, 150 Pac. 703, a portion of the syllabus is as follows:

"The acknowledgment of a deed is prima facie evidence of its execution, and a deed properly acknowledged may be given in evidence without further proof, although its execution is denied under oath."

In Probert v. Caswell et ux., 90 Okla. 67, 215 Pac. 733, the court said in the syllabus:

"The proper acknowledgment of a deed or mortgage creates a presumption in favor of its execution and the same may be given in evidence without further proof of its execution, although its execution is denied under oath."

And in the body of the opinion it is said:

"It therefore appears that the mortgage in question, being duly acknowledged before a notary public, the presumption attending such acknowledgment placed the burden of proof upon the defendant William L. Caswell to show that he never signed the instrument or adopted the signature as his own." (See, also, Wilkin v. Moore, 20 Kan. 538; Land & Mortgage Co. v. Hegwer et al. (Kan.) 51 Pac. 915.

If the mortgage was executed and acknowledged in substantial compliance with the statute, the same was admissible in evidence. The certificate of the notary public was prima facie evidence of the execution of the mortgage under proper corporate authority, and placed the burden upon the defendants to prove lack of authority in the president and secretary to execute the instrument. The defendants contend, however, that, conceding that the mortgage was properly admitted in evidence, and that its execution and acknowledgment were substantially in conformity to the statutory provisions, and that its admission was prima facie evidence of its due execution, that judgment could not be rendered foreclosing this mortgage without the introduction in evidence of the note secured by the mortgage. In the instant case the note was produced and was introduced in evidence, but the defendants contend that it should not be considered in evidence, as its execution was denied in the defendants' verified answer, and proof of the execution of the same was not made by the plaintiff. The mortgage, which we have held was properly admitted in evidence, described the note which was secured by the mortgage and which was introduced in evidence. The mortgage having been admitted, its recitals were sufficient to prove prima facie the execution of the note which the mortgage described and secured, and the note was therefore properly admitted in evidence, and it together with the mortgage made out a prima facie case for the plaintiff. In Gibson v. Rea (Kan.) 140 Pac. 893, the court said:

"The certificate of acknowledgment indorsed on the mortgage was sufficient to prove prima facie the execution of the mortgage. The recitals of the mortgage were sufficient to prove prima facie the execution of the note which the mortgage described and secured. Production of the note and mortgage at the trial by the plaintiff proved prima facie title in him. When the plaintiff proved record title in the mortgagor and introduced the note and the mortgage with its indorsement in evidence, he proved all the allegations of his petition which were essential to sustain a judgment for foreclosure. There principles are elementary."

In Re Pirie, 198 N. Y. 209, it is said:

"The mortgage, as we have seen, was executed by the decedent, February 1, 1892, acknowledged February 6, 1892, and recorded February 9, 1892.*** It therefore was an instrument that was entitled to be received in evidence without further proof. The acknowledgment of the mortgage, of necessity, embraced an acknowledgment of the matters therein stated, including that of its being a collateral security for the payment of the note described. It is thus an admission of the making of a note corresponding in date, name, and amount with that recited in the mortgage, and is prima facie evidence to that extent of the note secured thereby. But this is not sufficient to permit the note to be received in evidence, or judgment entered thereon. The mortgage merely establishes that there was such a note outstanding It does not identify the paper offered as the genuine note or that it was not forged or spurious, and, inasmuch as the burden rests upon the party offering it, it becomes necessary that he supply further evidence showing that it is the genuine paper described in the mortgage."

In the instant case, no contention was made that the note produced and introduced in evidence was not the identical note described in the mortgage, but the contention was made and is now made that proof of its execution had not been made and the above case is authority for holding that the recital in the mortgage is prima facie evidence of the execution of the note. A contrary holding was announced in Sulzby v. Palmer (Ala.) 70 South. 1, in the following language:

"In the event of a note and mortgage, as in this case, both being the foundation of the suit, the mortgage being recorded, but not the note, and the execution of both being denied by a sworn plea, as in this case, the introduction of the mortgage, recorded as provided by the statute, would discharge the burden of proof as to the execution of the mortgage, but not as to the note, which was not recorded, but was merely referred to in the mortgage. Such was the holding of this court in the case of O'Bannon v. Myers, 36 Ala. 551, and in the case following that of Scott v. Cotton, 91 Ala. 623. It is said in these cases that the recital of an

instrument in another is, as a general rule, primary and conclusive evidence of such instrument; yet it is not sufficient, in a case like the one in hand, to overcome the sworn pleading denying the execution of the instrument to which reference is so made. What was said in the O'Bannon Case, supra, is both apt and conclusive here.

" 'The admission contained in the mortgage is not sufficient evidence to overcome the positive denial of the answer; it is not equivalent to the testimony of two witnesses, or of one with corroborating circumstances. The complainants have heretofore failed to establish the existence of the debt, as described in the mortgage and averred in the bill.' "

In accordance with the rule announced in the Kansas case, we hold that the recital in the mortgage made out a prima facie case of the execution of the note.

The defendants contend that plaintiff's mortgage was not acknowledged in accordance with section 5287, Comp. Stat. 1921, providing the form of acknowledgment for every deed or other instrument affecting real estate executed by a corporation. The note on its face purports to have been executed by Aurelius-Swanson Millwork Company, and was signed "Aurelius-Swanson Millwork Company, by E. L. Aurelius, president," and attested, "H. P. Matthiesen, secretary," and the corporate seal attached. and the following acknowledgment is attached to the mortgage:

"State of Oklahoma,
"Oklahoma County, ss.

"On the 31st day of December A. D. 1920, before me the undersigned, a notary public in and for said county and state personally appeared E. L. Aurelius as president and H. P. Matthiesen, secretary (Aurelius-Swanson Millwork Company) personally known to me to be the identical persons who executed the within and foregoing instrument as grantor and acknowledged to me that they executed the same as their free and voluntary act and deed for the uses and purposes therein set forth.

"In testimony whereof, I have hereunto set my hand and affixed my official seal at Oklahoma City, Oklahoma, on this the day and date last above written."

This acknowledgment was not a literal compliance with the statute; the most serious objection urged against the same being that it does not state that the person executing the same did so "as the free and voluntary act and deed of such corporation." In Herron v. Harbour, 75 Okla. 127, 182 Pac. 243, it is said:

"In determining the sufficiency of a certificate of acknowledgment, technical rules of construction will not be applied. A sub-stantial and not a literal compliance with the statute in the certificate of acknowledgment to a deed, mortgage, or contract relating to real estate is all that the law requires, and, although words not in the statute are used in the place of others, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient."

When the whole instrument is construed in connection with the acknowledgment, it seems clear to us that the omission of the statement in the acknowledgment that the same was executed as the free and voluntary act and deed of the corporation is applied thereby. The face of the mortgage shows that it was executed as the act of the corporation. It was signed, attested, and sealed as the act of the corporation, by the officers designated by statute, and the statements in the acknowledgment clearly show that the same was acknowledged by the officers in their official capacity and not in their individual capacity, and as a corporate act instead of an individual act We conclude that the acknowledgment was sufficient. In Muller v. Boone, 63 Tex. 91, it was said:

"All that has ever been required with reference to the ordinary acknowledgment of a deed is a substantial compliance with the statute. As was truly said in Monroe v. Arledge, 23 Tex. 480, the material matter to be embraced in the acknowledgment is the execution of the deed. While the statute provides that the officer is to acknowledge the deed as the act of the corporation, and the officer does not, in express terms, declare that it was the act of the corporation, and so acknowledged, still that was the effect of the acknowledgment. The deed purports to be the act of the corporation, executed by Kerr as president, and he acknowledged that it was executed for the purposes and considerations therein contained. This acknowledgment was in substantial compliance with the statute. In our opinion there was no error in the admission of the deed in evidence."

In Eppright v. Nicholson, 78 Mo. 482, the second syllabus paragraph is as follows:

"To an assignment for the benefit of creditors executed by a corporation was appended a notary's certificate that N. C., president, and A. M., cashier of the corporation, 'acknowledged that they executed and delivered the same as their voluntary act and deed, for the uses and purposes therein contained.' Held, that this was a sufficient certificate that the corporation acknowledged the instrument." See, also, Tenny v. East Warren Lbr. Co., 43 N. H. 343;

Zimpleman v. Stamps (Tex.) 51 S. W. 341; Ballard v. Carmichael (Tex.) 18 S. W. 734.

We are of the opinion that the acknowledgment was defective, but when considered in connection with the instrument to which it is attached, was a substantial compl'ance with the statute, and such acknowledgment was prima facie evidence of the execution of the instrument.

For the reasons stated, the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, HARRISON, and WARREN, JJ., concur.