**TALIAFERRO et al. v. WARREN et al.**

No. 10638.

Court of Civil Appeals of Texas. Dallas.
July 8, 1930.

E. M. Mann, of Wichita Falls, for appellants.

Lasseter & Simpson, of Tyler, for appellees.

LOONEY, J.

Appellants, plaintiffs below, sued as legal representatives of D. B. Taliaferro, deceased. and appealed from an order abating their suit; appellees, defendants below, have cross-assigned error on the refusal of the court to sustain their plea of privilege. The questions presented arose in this way: The city of Tyler let a contract to D. B. Taliaferro for extensive improvements to be made on certain streets, including West Houston, on which the homestead lot of appellees abutted. The contract stipulated: "That the contractor may omit improvements in that portion of the street immediately in front of and abutting any property exempt by law from the lien of such assessment, unless the owner of such property shall first satisfactorily secure the contractor in the payment of his or her pro rata part of the costs of such improvements." Appellees gave Taliaferro a mechanic's lien on their homestead for the costs of the improvement to be constructed in front of their property, reciting that, "In consideration of paving and constructing curbs and gutters and other improvements upon said premises in the said street under the terms of (the) contract between said City and D. B. Taliaferro, and the specifications therein referred to, do promise to pay to the said D. B. Taliaferro or his assigns at Dallas, Texas the sum of Nine Hundred Seventy Three and $49/100$ Dollars," payable in six equal installments, with interest, reasonable attorney's fee, if incurred, and containing a provision for accelerating maturity in case of default. The contract also contained the following: "Assessment of said premises by the city is hereby expressly agreed to and any error or invalidity, or irregularity in any such assessment, or in any proceedings connected with or prerequisite thereto is expressly waived, and any such assessment levied or to be levied by the city (is) ratified and confirmed, and the recital of any matter in any certificate which may be issued by the city in evidence of any such assessment shall be prima facie evidence of the matters so recited, and the obligations and liens of this contract are not in lieu of, but are cumulative of the liens and obligations of any assessment, but any payment upon such assessment shall operate as a credit hereon." Taliaferro complied with the contract, the improvements were accepted, and the city issued to him an assignable certificate for $973.49, payable in installments, bearing the rate of interest, containing provisions in regard to accelerating maturity and payment of attorney fees, the same as provided in the mechanic's lien contract mentioned above; also contained the following stipulation: "That the sums evidenced hereby may be paid to the Assessor and Collector (of) Taxes of said City (Tyler) who shall issue his receipt

therefor, which shall be evidence of such payment on any demand of the same, and when the full amount due thereon has been paid said D. B. Taliaferro or other legal holder hereof shall surrender this certificate to the owner of said premises, and upon presentation thereof to the said Assessor and Collector of Taxes, he shall issue this receipt in full of said assessment."

Defendants pleaded their privilege to be sued in Smith, the county of their residence. Plaintiffs contested the plea on the ground that defendants had contracted in writing to pay the cost of said improvements in Dallas county. Defendants replied at length to the contesting plea, also sought to abate plaintiffs' suit, basing each plea on the idea that the certificate of special assessment formed the basis of plaintiffs' cause of action, if any, in that the mechanic's lien was merely an incident to the debt, and that if defendants obligated themselves in the mechanic's lien contract to pay, as alleged by plaintiffs, such obligation was legally merged into and is now evidenced by said certificate, which by its terms is payable in Smith and not in Dallas county.

While defendants' answer to the merits in other respects is not before us on this appeal, nevertheless, to forestall the possible implication that defendants are endeavoring to avoid paying the costs of improving their homestead, it is but fair to say the record forbids such an implication. The real controversy is over a relatively small matter. Defendants' contention (which, however, is controverted by plaintiffs) is that, under alleged facts and circumstances, they are not liable for either interest or attorney's fee claimed by plaintiffs; that when credited with certain discounts to which they are entitled plaintiffs' claim will be reduced to the sum of $874.69, which they allege a willingness to pay in full satisfaction of plaintiffs' demand.

The pleas above mentioned were submitted together, and the evidence before the court on the hearing was furnished by recitals and provisions of the improvement contract between the city and Taliaferro, the mechanic's lien contract between Taliaferro and defendants, the assessment ordinance adopted by the city, the certificate of special assessment issued by the city to Taliaferro for the costs of improvements, and section 32 (b) of the city charter, empowering the city to provide for the payment of street improvements, etc.

In this status of pleadings and proof, the court overruled defendants' plea of privilege, but sustained their plea in abatement and dismissed the suit. On appeal plaintiffs pray for reversal for the alleged error of the court in abating and dismissing the suit, and defendants, by cross-assignments, complain of the action of the court in overruling their pleas of privilege. It will be observed that defendants based both the plea of privilege and in abatement on the proposition that the certificate of special assessment issued to Taliaferro for the improvement superseded the obligation to pay contained in the mechanic's lien contract, and became, by operation of law, the exclusive evidence of the indebtedness.

The general rule is that matter in abatement is designed merely to defeat the present suit and not to conclude plaintiffs from maintaining another on the same cause of action; while matter defeating the right of action altogether goes to the merits and must be pleaded in bar. The contention of defendants is of the latter nature and, in our opinion, the plea in abatement defeats itself, in that, if it be true that the certificate superseded and took the place of the mechanic's lien contract, as evidence of the indebtedness, that fact should have been addressed to the merits and pleaded in bar. 1 C, J. p. 28, § 9. But we do not take that view of the matter. The recitals in the mechanic's lien contract show that it was executed by the parties with reference to the contract then existing between the city of Tyler and Taliaferro; it provides that any certificate issued by the city evidencing the assessment shall be prima facie evidence of the matters recited therein, and that the obligations of the contract and of the certificate shall be cumulative. These instruments describe precisely the same indebtedness, are neither conflicting nor inconsistent, and, in our opinion, constitute parts of one entire transaction and may, with propriety, be read and considered together, or plaintiffs could disregard the certificate and base their cause of action for debt upon the obligations of the mechanic's lien contract, which, in our opinion, furnished a sufficient basis for the suit. See Burton v. Laing (Tex. Civ. App.) 36 S. W. 298; Cannon v. Healy Construction Co. (Tex. Civ. App.) 242 S. W. 526, 531 (application for writs refused).

The most favorable view of the situation for defendants is that they had the option to pay in either Smith or Dallas county, but having failed to pay, plaintiffs could thereupon elect to sue in either county. See Gaddy v. Smith (Tex. Civ. App.) 116 S. W. 164, 166. Exceptions to the general rule that permits suits to be filed in different counties are for the benefit of the plaintiff and confer upon him the right, in bringing suit, to choose between different counties. See Carro v. Carro, 60 Tex. 395. We are of opinion that the court did not err in overruling defendants' plea of privilege, but did err in abating and dismissing the suit, and for that reason the cause will be reversed and remanded for further proceedings.

Reversed and remanded.