**SMITH et al. v. DOZIER CONST. CO.**
No. 7886.

Court of Civil Appeals of Texas. Austin.
Nov. 22, 1933.

Rehearing Denied Dec. 13, 1933.

Robert A. Sowder, of Lubbock, for appellants.

White, Taylor & Gardner, of Austin, for appellee.

BLAIR, Justice.

This appeal is from an order overruling three separate pleas of privilege filed by three groups of defendants, who are appellants here, to be sued in Lamb county, the domicile of each defendant. To the plea of privilege of appellants, R. M. Smith and wife, Alta E. Smith, appellee filed a controverting affidavit, alleging that these appellants executed and delivered to appellee a written contract whereby they agreed to pay appellee $995.50, at Austin, Travis county, Tex., for paving the street abutting on lots 1 and 2, block 1, Highway addition to the city of Littlefield, Lamb county, Tex.; and that the mechanic's lien contract granted appellee a statutory and constitutional lien on the property to secure the paving obligation; that the paving had been completed by appellee and accepted by the city of Littlefield in accordance with the terms of a mechanic's lien contract; and that appellee had brought this suit to recover the amount due on the mechanic's lien contract and to foreclose the mechanic's lien on the premises; and that appellee claimed venue of its suit in Travis county, under subdivision 5 of article 1995, which provides that "if a person has contracted in writing to perform an obligation in a particular county, suit may be brought * * * in such county."

To the joint plea of privilege of C. W. Igou and J. H. Barnett, who claimed to be the present owners of the property under a deed executed subsequent to the execution of the mechanic's lien contract sued upon, appellee.

alleged the above facts with regard to the execution of the mechanic's lien by the Smiths; and in addition alleged that appellants Igou and Barnett were claiming some character of title or interest in the property and were therefore necessary parties to the suit to foreclose the mechanic's lien sued upon; and that appellee claimed venue as to them under subdivision 29a of article 1995, providing that "whenever there are two or more defendants in any suit brought in any county of this State, and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

To the plea of privilege of appellant W. B. Smith, who claimed a vendor's lien note on the property created subsequent to the execution of the mechanic's lien, appellee filed its controverting affidavit, containing similar allegations to those contained in the controverting affidavit to the plea of privilege of appellants Igou and Barnett, and claimed venue under said subdivision 29a, supra.

Appellants contend that the filing of the plea of privilege by R. M. and Alta E. Smith placed the burden of proof upon appellee to establish the execution of the mechanic's lien contract sued upon, which was not done because no witness testified that R. M. Smith or his wife, Alta E. Smith, executed the mechanic's lien contract. This contention is not sustained. The written mechanic's lien contract sued upon was introduced in evidence without objection. The certificate of the notary public attached to the mechanic's lien contract was introduced in evidence without objection. The certificate certified that both R. M. Smith and Alta E. Smith duly acknowledged to the notary public that they had executed the mechanic's lien contract. Article 3723, R. S. 1925, provides that "all declarations * * * and acknowledgments taken by notaries public * * * shall be received as evidence of the facts therein stated in any court of this State." This is a statutory rule of evidence, and in 1 Tex. Jur. 584, § 184, the conclusiveness and effect of a notary's certificate is stated to be as follows:

"A certificate of acknowledgment is prima facie evidence of the facts therein recited and is conclusive unless impeached in the manner recognized by law. As has been said, 'A certificate of acknowledgment is something more than a written instrument. It is the evidence required by law of the execution and acknowledgment of a written instrument of the highest order.'

"It has already been seen that the certificate, or a judgment correcting the same, is ordinarily the only evidence that is admissible to prove the fact of acknowledgment, and that, upon compliance with statutory requirements, an instrument which has been duly acknowledged may be admitted in evidence without other proof of its execution."

This same authority, at page 585, § 186, further states with regard to the conclusiveness of such certificate, as follows: "It has frequently been said that a certificate of acknowledgment is conclusive of the facts therein stated, unless there is an allegation of fraud or imposition in which the grantee participated or of which he had knowledge."

Our courts have often held that in view of the statutory provisions above quoted, a notary's certificate of acknowledgment is conclusive of the facts therein stated, and that an instrument which has been duly acknowledged and which constitutes the basis of the cause of action may be admitted in evidence without other proof of its execution. McKellar v. Peck, 2 Posey, Unrep. Cas. 192, citing O'Ferrall v. Simplot, 4 Iowa, 381; Wiley v. Prince, 21 Tex. 637; Norris v. Lancaster (Tex. Com. App.) 280 S. W. 574.

There was also introduced in evidence a certificate of the county clerk of Lamb county, showing that the mechanic's lien contract in suit had been duly recorded in that county, where the property in question is located. The law is settled that by virtue of article 3726, R. S. 1925, relating to the admissibility in evidence of recorded instruments, upon compliance with the conditions prescribed, a properly acknowledged instrument that has been duly recorded may be received in evidence "without the necessity of proving its execution." 1 Tex. Jur. 422, 423, § 13, and cases there cited.

Appellants further contend that the validity of the mechanic's lien contract sued upon was not shown because the proof failed to show the liability of R. M. Smith and wife thereon. The rule is well settled that appellee was not required to try the case on its merits, or to establish the validity of its lien in this proceeding. McCormick v. West Tex. Lbr. Co. (Tex. Civ. App.) 55 S.W.(2d) 191. But aside from this rule, the evidence shows prima facie the validity of the mechanic's lien contract sued upon. The mechanic's lien contract was introduced without objection from appellants. It shows to have been executed by R. M. and Alta E. Smith, duly authenticated by the certificate of the notary public who took their acknowledgment, and that it had been duly recorded in the deed records of Lamb county. By cross-examination appellants brought out testimony to the effect that the mechanic's lien contract had been prepared by an abstractor at Littlefield, who obtained the information from the deed records of Lamb county, which showed that R. M. Smith and his wife were owners of the property in question. The contract shows that it was given in payment of paving the street abutting on the property in question, and gave an express contract, constitutional

and statutory mechanic's lien upon the property. The contract recited that any certificate thereafter issued by the city of Littlefield evidencing the assessments shall be prima facie proof of the matter so recited in any suit upon such certificate, or upon the contract. Certificates were thereafter duly issued by virtue of the ordinances of the city of Littlefield, assessing the paving against R. M. Smith and Alta E. Smith as the true owners of the property; and those certificates were introduced without objection for the purpose of showing that the improvements had been completed by appellee in compliance with the terms of the contract in suit, and had been duly accepted by the city of Littlefield as evidenced by the certificates.

The foregoing evidence established, at least prima facie, the execution of the mechanic's lien sued upon; that it was a binding and valid obligation of appellants R. M. and Alta E. Smith; and that it was performable in Austin, Travis county, Tex., thus sustaining venue under subdivision 5 of article 1995, supra.

■ Since appellee established its right to maintain its suit for foreclosure of its mechanic's lien contract against appellants R. M. Smith and wife in Travis county, Tex., and having alleged and proved that the appellants C. W. Igou and J. H. Barnett and B. W. Smith were claiming some character of title or interest in the property involved under instruments executed by R. M. Smith and Alta E. Smith subsequent to the execution by them of the mechanic's lien contract sued upon, said appellants Igou, Barnett, and Smith were necessary parties to such foreclosure suit within the meaning of subdivision 29a of the venue statutes, supra.

It has been held in this state that subsequent purchasers of property incumbered with a lien are necessary parties to foreclosure proceedings. Carter v. Attoway, 46 Tex. 108; Robinson v. Black, 56 Tex. 215. In the recent case of Lind v. Merchants' State Bank & Trust Co. (Tex. Civ. App.) 16 S.W.(2d) 385, it was held that where a plaintiff sought to foreclose a deed of trust lien upon land, venue being properly laid in a certain county against the maker of the note and lien, any and all necessary parties could be joined with him in order to foreclose the mortgage on the land; and that subsequent purchasers claiming an interest or title in the land were necessary parties within the meaning of subdivision 29a, supra.

■ Appellants contend, however, that since the mechanic's lien contract sued upon stipulated that the obligations therein were cumulative to obligations of any assessment certificate issued by the city of Littlefield for the improvements, and since the assessment certificates were issued after the execution of the mechanic's lien contract and contained provisions that property owners might pay the paving assessments in the city of Littlefield, Lamb county, Tex., that such provision superseded the former provision for the payment of the paving debt in Travis county, Tex., as contained in the mechanic's lien contract. There is no merit to this contention. This matter was presented and settled in the case of Taliaferro v. Warren (Tex. Civ. App.) 30 S.W.(2d) 393, 394, where it is held under similar facts that a contractor who held a mechanic's lien contract for paving, and also certificates of assessment issued by the city evidencing the paving, that the contractor might elect upon which instrument he would sue. Appellee elected in this case to sue upon the mechanic's lien contract, and the venue of this suit was determinable under the provisions of that contract. The cited case also held that even though the suit be regarded as a suit upon both the assessment certificates issued by the city and the mechanic's lien contract signed by the parties, that the "most favorable view of the situation for defendants is that they had the option to pay in either [Lamb or Travis county], but having failed to pay, plaintiffs could thereupon elect to sue in either county." Gaddy v. Smith (Tex. Civ. App.) 116 S. W. 164. The decisions in these cases were predicated upon the general rule that where a contract permits a suit to be filed in different counties, it is for the benefit of the plaintiff, and confers upon him the right in bringing suit to choose between different counties. Carro v. Carro, 60 Tex. 395.

The order appealed from is affirmed.

Affirmed.