**HUGHES v. DOPSON.**

**No. 5078.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 13, 1939.

J. E. Brown, of Brownwood, and M. F. Billingsley, of Munday, for appellant.

H. A. C. Brummett, of Dickens, for appellee.

STOKES, Justice.

Appellant, S. W. Hughes, brought this suit against appellee, James Coy Dopson, upon three promissory notes, the principal of which aggregated the sum of $357. The notes were payable to the City National Bank of Spur. They bore date of May 1, May 31 and June 21, 1930, and matured respectively on October 1, October 15 and October 16, 1930. After the notes were executed, the bank ceased to transact business and went into liquidation under the supervision of the Comptroller of the Currency of the United States about June 1, 1931. On the 20th of August, 1934, while the bank's affairs were in process of liquidation, the receiver procured from appellee contracts of extension by which the notes were extended so as to mature on demand and on June 30, 1937, the notes in suit, together with a large number of other notes and securities held by the receiver, were purchased by appellant and duly assigned to him by the receiver. The suit was filed on December 24, 1937, less than four years after the extension contracts had been executed by appellee.

Appellee answered by general demurrer, general denial, a plea of non est factum as to the extension contracts, and pleaded the four years statute of limitation in bar of appellant's right to recover upon the notes. Vernon's Ann.Civ.St. art. 5527.

The case was submitted to a jury upon a single special issue under which the jury found that appellee did not execute the extension contracts attached to the notes and offered in evidence by appellant. The court entered judgment against appellant upon the verdict and appellee's plea of limitation, decreeing that appellant take nothing by his suit and pay the costs. Appellant duly excepted to the judgment and has perfected an appeal therefrom.

Appellant complains, first, that the court committed reversible error in the admission of certain testimony over his objections and, secondly, he assigns error to the action of the court in overruling his motions for a peremptory instruction and for judgment notwithstanding the verdict.

Other assignments of error are presented but we think a discussion of those mentioned will dispose of all of the contentions made by appellant.

Appellant took the witness stand and testified that he had purchased the notes and that nothing had been paid upon them. Upon cross-examination counsel for appellee questioned appellant concerning his purchase of the notes and other securities owned by the bank and over appellant's objection he was required to testify as to the amount ·of money he paid for all of the securities purchased by him. His testimony was that he purchased securities of the face value of approximately $100,000 and that he paid therefor a total sum of $3300. Over further objection of his counsel appellant testified that the consideration he paid for all of the notes and securities purchased amounted approximately to 3⅓¢ on the dollar of their face value. This evidence was not admissible and error of the court in admitting it over appellant's objection requires a reversal of the case. The notes had been duly assigned to appellant by the receiver of the bank and he had a right to bring and maintain suit thereon regardless of the amount of consideration paid by him or, in fact, whether or not he had paid anything at all as consideration therefor. By virtue of the assignments he became the legal owner and holder of the notes. There was neither pleading nor evidence tending to question the validity of the assignments and the law is well established that, by virtue of the assignments, regardless of whether he paid a valuable consideration for the notes or not, appellant had the right to maintain the suit and the question

of whether he paid a valuable consideration was wholly immaterial. Durst v. Swift, 11 Tex. 273; Continental Oil & Cotton Co. v. E. Van Winkle Gin & M. Works, 62 Tex. Civ.App. 422, 131 S.W. 415.

Moreover, the testimony was highly prejudicial. The jury was not informed as to the amount of the securities purchased by appellant that may have been uncollectible and testimony in that regard would not have been admissible. The testimony placed appellant in the attitude of one seeking to reap extensive profits without a meritorious basis therefor when, as a matter of law, his dealings were perfectly legitimate. There can be no question, it would seem, that these immaterial admissions wrongfully placed appellant in a highly unfavorable light before the jury and unduly influenced them in answering the special issue. The error was, therefore, not a harmless one.

The only testimony offered by appellee consisted of paragraphs 3, 4 and 5 of his answer which were introduced as evidence. Paragraph 3 consisted of his sworn denial that he executed the extension contracts. Paragraphs 4 and 5 constituted his pleas of limitation. Although the pleading was sworn to, it was not admissible as evidence. The pleadings were properly before the court and occupied their proper place as pleading, but they could not be introduced as evidence on behalf of the party who filed them and the fact that they were sworn to by him does not change the rule. Robertson v. Du Bose, 76 Tex. 1, 13 S.W. 300; Pullman Palace Car Co. v. Nelson, 22 Tex.Civ.App. 223, 54 S.W. 624; Reo Motor Car Co. v. Barnes, Tex.Civ.App., 9 S.W.2d 374; Justin McCarty, Inc. v. Ash, Tex.Civ.App., 18 S.W.2d 765.

Appellant introduced in evidence the notes and extension contracts, the latter of which were acknowledged before a notary public and contained his certificate of acknowledgment and notarial seal. Under the provisions of Art. 3723, R.C.S. 1925, all declarations, protests and acknowledgments taken by notaries public are receivable as evidence of the facts therein stated in the courts of this state. The certificate of acknowledgment is prima facie evidence of the execution of the instrument and renders the instrument admissible without other proof of its execution. The denial of its execution under oath by the alleged maker does not alter the statutory provision. When appellee filed his sworn plea of non est factum, he shifted the burden of establishing the execution of the extension contracts to appellant and it became his duty to do so by legal and competent evidence. By the plain provisions of the statute the certificate of acknowledgment executed by the notary public containing his seal of office constituted such proof and while the burden of proof remained upon him throughout the trial, the weight of evidence shifted immediately to the appellee and it became his duty to support his plea of non est factum by admissible testimony. The only evidence offered by appellee in discharge of his burden in this respect was the three paragraphs of his own answer which we have held were not admissible as evidence. Steiner v. Jester, 86 Tex. 415, 25 S.W. 411; Norris v. Lancaster, Tex.Com. App., 280 S.W. 574; Smith v. Dozier Const. Co., Tex.Civ.App., 66 S.W.2d 744; Thane v. Dallas Joint Stock Land Bank, Tex.Civ.App., 129 S.W.2d 795; Romer v. Conter et al., 53 Minn. 171, 54 N.W. 1052; Aurelius-Swanson Millwork Co. v. First Nat'l Bank, 107 Okl. 203, 231 P. 471.

The extension contracts were executed and acknowledged by appellee on the 20th of August, 1934. By their terms the notes sued on by appellant became due on demand. Limitation of four years therefore began to run on that day. Eborn v. Zimpelman, 47 Tex. 503, 26 Am.Rep. 315. The suit was filed by appellant on the 24th of December, 1937, which was three years, four months and four days after the period of limitation had its inception. Unless the extension contracts are made nugatory under appellee's plea of non est factum supported by proper evidence, or in some other legal manner, appellee's plea of limitation would not apply and appellant, in so far as that phase of the matter is concerned, was entitled to recover the amount due on the notes.

For the errors pointed out, the judgment must be reversed and as the record indicates the case was not fully developed upon the trial, the cause will be remanded to the trial court.

Reversed and remanded.