Floyd W. PATE et al., Appellants,

v.

PONCA WHOLESALE MERCANTILE COMPANY, Appellee.

No. 7433.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 18, 1965.

Rehearing Denied Feb. 8, 1965.

Shaver, Hurley & Sowder, Lubbock, Rosser & Carroll and J. Ray Martin, Snyder, for appellants.

Miller, Sanders & Baker, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a venue case. Ponca Wholesale Mercantile Company, a corporation, as plaintiff, brought this suit in the 47th District Court in and for Potter County, Texas, against Floyd W. Pate, W. R. Burns, Melvin R. Way, Roy Smith and Harold Wren, as defendants, alleging the plaintiff employed Pate as its agent, employee and representative to keep and sell merchandise furnished to Pate by the plaintiff and to collect, receive and remit to the plaintiff for money received by Pate for said merchandise being at all times the property of the plaintiff. The plaintiff further alleged that in consideration of the plaintiff retaining Pate as its agent, employee and representative, and entrusting him with the property and funds of the plaintiff, Pate, as principal, and the other defendants, as sureties, executed a certain bond in favor of the plaintiff by the terms of which said bond all of the defendants named undertook to hold plaintiff harmless against any and all losses which might be caused to the plaintiff by reason of the activities of Pate, and attached a copy of said bond to the petition and made it a part thereof. Plaintiff alleged Pate was short in accounts in the sum of $3,178.76 to plaintiff's damage in that amount and that said bond was in full force and effect during the time when said shortage in the accounts of Pate was incurred and that the shortage in the accounts of Pate was caused from such failure and defalcations as were contemplated by the terms of the bond executed by all of the defendants here in favor of the plaintiff. Plaintiff further pleaded failure by defendants to comply with the terms of the bond to make payment of plaintiff's loss in the sum of $3,178.76.

Pate filed his plea of privilege to be sued in Scurry County alleging no exception to exclusive venue in the county of one's residence provided by law existed in said cause and that venue in this suit was not laid in the proper county. The plaintiff filed its controverting plea making its petition and exhibit a part of its controverting plea and contending Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St., controlled in this case.

Burns, Way, Wren, and Smith filed their pleas of privilege denying they ever signed the bond and Burns, Way, and Smith denied they ever appeared before the Notary Public, T. C. Goss, as shown attached to the bond. The plaintiff filed its controverting plea to the plea of Burns, Way, Wren and Smith and among other matters alleged that the bond set out in plaintiff's original petition on file in this cause affirmatively reflected execution of said instrument by Burns, Way, Wren, and Smith.

The pleas of privilege were heard by the court without a jury and the court overruled all of the pleas of privilege and held venue was properly had in Potter County, Texas. From that order the defendants perfected this appeal.

Pate presents this appeal upon six assignments of error contending there was no evidence to overcome his plea of privilege since the Exhibit A (the bond sued upon) was not offered against him; the court erred in failing to hold void the stipulations in the bond that "it is agreed by all signers hereto that any action at law hereon or under shall be brought and maintained in Amarillo, Potter County, Texas"; the court erred under Subdivision 5 in overruling Pate's plea of privilege inasmuch as the obligation of the bond was conditional and there was no proof of any failure of Pate to perform or discharge any duty assured so as to make absolute the conditional obligation on the bond and that Pate, being a necessary party to any suit against any and all of the other appellants, but they being only proper parties as to him and one another and neither he nor any of them being residents of Potter County, Texas, it was error for the trial court not to transfer the entire suit to the District Court of Scurry County as the county of the residence of Pate and two other defendants as the most appropriate and convenient forum in which venue could be fixed for the disposition of all issues to all parties in one trial and one judgment.

It was the contention of Burns, Smith and Wren that the court erred in overruling their plea for the reason that there was no evidence to support the court's finding that said defendants had contracted in writing to perform an obligation in Amarillo, Potter County, Texas; that there was no evidence that said defendants executed a contract in writing and there was no evidence that the alleged bond contained any obligation on the part of such defendants. Way did not file any brief in this appeal. The parties hereafter will be referred to as plaintiff and defendants as they were in the trial court.

Pate did not in his plea of privilege deny signing the bond here in question and neither did he deny appearing before T. C. Goss, the notary taking his acknowledgment. The acknowledgment attached to the bond showed Pate acknowledged he executed the bond for the purpose and consideration therein expressed. When the bond was first offered in evidence by the plaintiff, the defendants excepted to its introduction. The court sustained the exception until its execution was proven. Later the plaintiff offered the bond in evidence and stated he introduced it at least as to Burns, Smith and Wren. We think the court erred in not admitting the bond when first offered as to Pate since the same was shown to have been acknowledged by Pate and was not denied. The bond shows Pate as signing it and then acknowledged by him. The acknowledgment is not a part of the bond, but the certificate of acknowledgment constitutes extrinsic evidence of the acknowledgment of the maker and by force of the statute constitutes proof of his acknowledgment in not only signing it but that he was the identical person who did so and that he executed it for the purposes and considerations therein expressed. It is stated in Stout v. Oliveira, Tex.Civ.App., 153 S.W.2d 590 (writ refused w. m.) as follows:

"Furthermore, the statute, Article 3723, R.C.S.1925, makes the certifi-

cate of acknowledgment evidence of the facts therein stated in any court of this State. It has been held that a certificate of acknowledgment is prima facie evidence of all facts therein recited, and that the recitals are conclusive unless fraud or imposition are shown, and that the burden of proof is on one who denies the genuineness of the acknowledgment and instrument to show such facts. Ellington v. Bryant, Tex.Civ.App., 293 S.W. 327; Ward v. Weaver, Tex.Com.App., 34 S.W.2d 1093; Hill v. McIntyre Drilling Co., Tex.Civ.App., 59 S.W.2d 193; Adkins-Polk Co. v. Rhodes, Tex.Com.App., 24 S.W.2d 351; Hughes v. Dopson, Tex.Civ.App., 135 S.W.2d 148; Norris v. Lancaster et al., Tex.Com.App., 280 S.W. 574; Smith et al. v. Dozier Const. Co., Tex.Civ.App., 66 S.W.2d 744, and authorities cited; Thane v. Dallas Joint Stock Land Bank, Tex. Civ.App., 129 S.W.2d 795."

The defendants, Burns, Smith, and Wren, denied signing the bond but each agreed they signed their names in the acknowledgment but stated they did not sign before Goss. They did not show any fraud or imposition. It is stated in the case of Hughes v. Dopson, Tex.Civ.App., 135 S.W.2d 148 as follows:

"Appellant introduced in evidence the notes and extension contracts, the latter of which were acknowledged before a notary public and contained his certificate of acknowledgment and notarial seal. Under the provisions of Art. 3723, R.C.S.1925, all declarations, protests and acknowledgments taken by notaries public are receivable as evidence of the facts therein stated in the courts of this state. The certificate of acknowledgment is prima facie evidence of the execution of the instrument and renders the instrument admissible without other proof of its execution. The denial of its execution

under oath by the alleged maker does not alter the statutory provision. When appellee filed his sworn plea of non est factum, he shifted the burden of establishing the execution of the extension contracts to appellant and it became his duty to do so by legal and competent evidence. By the plain provisions of the statute the certificate of acknowledgment executed by the notary public containing his seal of office constituted such proof and while the burden of proof remained upon him throughout the trial, the weight of evidence shifted immediately to the appellee and it became his duty to support his plea of non est factum by admissible testimony. The only evidence offered by appellee in discharge of his burden in this respect was the three paragraphs of his own answer which we have held were not admissible as evidence. Steiner v. Jester, 86 Tex. 415, 25 S.W. 411; Norris v. Lancaster, Tex.Com.App., 280 S.W. 574; Smith v. Dozier Const. Co., Tex.Civ. App., 66 S.W.2d 744; Thane v. Dallas Joint Stock Land Bank, Tex.Civ.App., 129 S.W.2d 795; Romer v. Conter et al., 53 Minn. 171, 54 N.W. 1052; Aurelius-Swanson Millwork Co. v. First Nat'l Bank, 107 Okl. 203, 231 P. 471."

 The certificate of acknowledgment was prima facie evidence that Burns, Smith and Wren personally appeared before Goss and acknowledged that they executed the bond for the purposes and considerations therein expressed. To overcome those recitals it was not enough to show the signatures affixed to the bond herein were not their own. It was not necessary that their signatures be affixed to the bond to give it validity. That might be done by another person. Stout v. Oliveira, supra; Hughes v. Dopson, supra; Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215.

Pate, whose name appeared on the bond did not by his plea of privilege deny signing the bond and acknowledging it before Goss, a notary public, and the bond providing "all sums due hereunder are payable at Amarillo, Potter County, Texas," we think clearly shows venue as to him would be in Potter County under Subsection 5 of Article 1995, V.T.C.S., and that Subsection 29a of Article 1995, V.T.C.S., would apply as to all defendants. It is stated in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 as follows:

> Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Bldg. & Loan Ass'n v. Gray, supra, [132 Tex. 509, 125 S.W. 2d 284]; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347."

See also Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758.

Since this is a suit brought upon a written contract performable in Potter County and the contract was introduced in evidence, proof of existence of a cause of action is not required. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (Com.App. opinion adopted by Sup.Ct.); Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128; Baker & Taylor Drilling Co. v. Blanchard Drilling Co., Tex.Civ. App., 363 S.W.2d 818. We have carefully considered all of appellants' assignments of error and find no reversible error.

Judgment of the trial court is affirmed.

DENTON, C. J., dissents.