Donald JOUSAN, Appellant,

v.

**PRESIDIO CORPORATION, Appellee.**

No. 17445.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 6, 1979.

Conner, Odom & Clover, C. E. Clover, Jr., Sealy, for appellant.

Oldham & Oldham, David H. Oldham, Houston, for appellee.

Before EVANS, WALLACE and WARREN, JJ.

WARREN, Justice.

Donald Jousan, a co-defendant below, appeals a judgment overruling his plea of privilege.

Suit was filed by appellee (Presidio) against appellant and Walter Gass on a note. The note was signed by Gass individually and as attorney in fact for Jousan. Presidio's controverting affidavit to Jousan's plea of privilege claimed that since the note was payable at Presidio's office in Houston, Harris County, Texas, venue was proper in Harris County under Section 5(a), Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon's Supp.1979).

■ The only issue is whether the admission into evidence of the note and power of attorney, both duly acknowledged, was sufficient without further authentication to establish a prima facie case of execution of the note against appellant.

Henry Gruy, president of Presidio, and the only witness, testified that he never talked with Jousan about the note or power of attorney. On the date the note was executed Gass brought the power of attorney, prepared on the stationery of the law firm representing Jousan at trial, allegedly signed by Jousan and containing an acknowledgment. Gruy had known Jousan since 1972, and had seen his signature a number of times. He thought the signature was Jousan's but was not willing to swear to it.

The trial court admitted the note and power of attorney into evidence over objection that they had not been properly authenticated. Appellant presented no evidence and the court overruled the plea of privilege.

Appellant claims that there was no evidence, insufficient evidence, that the trial court's judgment was against the great weight and preponderance of the evidence that Jousan authorized Gass to sign the note and that the trial court incorrectly placed the burden of proof on Jousan to disprove Gass' authority to sign the note.

We hold that the admission of the note and power of attorney, both duly acknowledged before a notary public, was proper and established a prima facie case that Gass signed the note individually and as the attorney in fact for Jousan.

■ A document containing a certificate of acknowledgment taken before a notary public is self-proving. *Hughes v. Dopson*, 135 S.W.2d 148 (Tex.Civ.App.—Amarillo 1939, no writ); *Smith v. Dozier Co.*, 66 S.W.2d 744 (Tex.Civ.App.—Austin 1933, no writ).

Art. 3723, Tex.Rev.Civ.Stat.Ann. provides, "All  .  .  .  acknowledgments

taken by notaries public . . . shall be received as evidence of the facts therein stated in any court of this state."

In *Hughes v. Dopson, supra,* the defendant pled non est factum in a suit against him on a note which allegedly had been extended. The extension contract was acknowledged before a notary public. The court held that when defendant filed his sworn plea of non est factum, he shifted the burden of establishing the execution of the extension contract to the plaintiff. By introducing the acknowledged extension contract into evidence, plaintiff proved a prima facie case of execution and "while the burden of proof remained upon him (plaintiff) throughout the trial, the weight of evidence shifted immediately to appellee (defendant) and it became his duty to support his plea of non est factum by admissible testimony."

In our case the appellant did not deny execution of the note but denied that Gass had authority to act for him. The power of attorney introduced was a broad one including specifically the right of Gass to execute a note on behalf of appellant.

By introducing the acknowledged power of attorney and note, appellee established a prima facie case. It then became necessary for appellant to introduce evidence rebutting the prima facie case, which he failed to do.

The judgment is affirmed.