Hemphill, Ch. J.
The statute confers upon tlie defendants the general right to be sued in the forum of their respective domicils, but this privilege is not universal. There are various exceptions to the rule, some of them imperatively requiring suits to be instituted elsewhere, and others leaving them *40 to be brought, either in express terms or by implication, at the residence of the defendant or in some other designated comity.
For instance, married women' must be sued in the counties in which their . husbands reside; executors, administrators, guardians, and trustees in the county in which the estate is administered; and where the recovery of land and damages thereto is the object of the suit, it must be brought in the county where the land or a part thereof is situated. But where the object of the suit is the foreclosure of a mortgage it is not declared, as in the above cases, that it must be prosecuted in the courts of the county where the mortgaged premises lie, but only that it may be so prosecuted. It is the general light of the defendant to be sued in his own counly, but whore the suit is on ii mortgage the plaintiff has the privilege of suing in the county where the property is situated.
This exception to the general i-ule that the defendant must be sued in the forum of his domicil is for the benefit of the plaintiff aud not of the defendant, and tile latter cannot complain if suit be brought at his residence. The demurrer was therefore, if not waived or abandoned, properly overruled.
There is also assigned for error that the judgment does not follow the decree of the court. There was perhaps some mistake in copying this assignment. As it stands it is unintelligible; but the appellee admits that the judgment is defective in not specifying the mortgaged property, and he prays that the same may be reformed.
It is ordered, adjudged, and decreed that the decree of the District Court, so far as it gives judgment for the recovery of the debt sued for as described in the petition, together with the interest thereon and the costs of suit, be aud the same is hereby affirmed, and that all the other portions of said decree be and the same are hereby reversed, and the court now proceeding to render such judgment as should have been pronounced below, it is ordered, adjudged, and decreed that an order of sale do issue to the sheriff of Refugio county, directing him to sell the property described in the said mortgage, viz, the said certain stock ranch, known as the Mustang- Island Ranch', situated on Mustang Island, in the county of Refugio and State of Texas, containing 2,000 acres of land, more or less, together with all of the stock of every description on said ranch included in the said mortgage, and which is described in the said mortgage consisting- of six hundred stock cattle, more or less, twenty-six Spanish mares, one stallion, aud one jack, or so much of said, property as can be found; it is further ordered, adjudged, and decreed that if the proceeds of the sale of such mortgaged property be insufficient to satisfy said judgment and costs, then and in that case execution shall issue against said Kinney as in other cases, directed to the sheriff of Nueces county, commanding him to levy on the goods and effects of the said Kinney, or so much as sliail be sufficient to satisfy the judgment and costs, or the balance of the same; it is further ordered, adjudged, aud decreed that if the proceeds of said sale exceed the amount of said judgment, then and in that case the sheriff shall return the overplus to the said Kinney.
Judgment reformed.