## MARY C. CARRO v. MARY CARRO.

(Case No. 1558.)

1. VENUE.— The statutory exceptions to the rule under art. 1198, Rev. Stat. (which requires suits to be brought against a defendant in the county of his domicile), are for the benefit of the plaintiff, and confer on him the right to choose between different counties in bringing his suit, in the exercise of which the courts will not control him. If a fraud upon the jurisdiction is attempted by the plaintiff, it may be made available by plea setting that fact up.

APPEAL from Vanzandt. Tried below before the Hon. T. J. McCord.

The appellant instituted this suit in the district court of Vanzandt county for the partition of certain real and personal property alleged to be owned in common by the intestate of appellant and defendants in this suit. Appellant alleged in her petition that some of the defendants in this suit resided in Vanzandt county, and that a portion of the land, for the partition of which this suit was instituted, was situated in Vanzandt county. Defendants pleaded to the jurisdiction of the court on the ground that the property in controversy was nearly all situated in Kaufman and Hunt counties, and that the defendant, Mary Carro, who is charged to be in possession of most of the personal property, was a resident of Kaufman county, and that all the property in controversy was inherited by all the parties to the suit from one Andrew Carro. The court sustained the plea to the jurisdiction.

*Burge & Russell*, for appellant.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— Article 1198, Revised Statutes, provides that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile," except in certain cases, which are set forth in the act itself. Some of these exceptions are peremptory, requiring positively that suit must or shall be commenced in a particular county, without reference to whether or not it is the domicile of the defendant. All of such exceptions are founded upon special reasons which make it important that the general rule on the subject of venue should be varied as to the cases included in them. Those exceptions which are of a dissenting character are provided for the benefit of the plaintiff, and give him choice

---

---

between different counties in selecting the place in which he will commence his action.　Kinney v. McCleod, 9 Tex., 78.

A case may arise falling under two or more of the exceptions. If these are all discretionary, being enacted for the advantage of the plaintiff, we see no reason why he should not have the full benefit of the enactment, and be allowed to choose which of them he will adopt.

The plaintiff might, in this case, if she had sued for the recovery of the personal property mentioned in her petition, have sued in Kaufman county, for there the defendant in possession of it resided and the property was situated.

If the case could be treated as a suit concerning an inherited estate, then appellant could have sued in Kaufman county, where the principal portion lay.　But there is no peremptory requirement in either of the two above cases — which are those provided for by the ninth and tenth exceptions,— that the suit shall be brought in accordance with them, if any other clause of the eleven hundred and ninety-eighth article permitted it to be brought in another county.

The twelfth exception did permit it to be brought in the county where any portion of the property was situated, or any of the defendants resided, it being a suit for partition, and the plaintiff elected to proceed under that clause, and we see no reason why that election should be disallowed.

If the suit were not in fact for partition, but under the guise of such a proceeding the plaintiff had instituted it for another purpose, this should have been alleged in the plea.　On the face of the petition no such purpose appears, nor does the answer make any averment to the effect that anything else except what might legitimately be determined in a partition suit was sought to be brought into the controversy.

We think the court below erred in holding that Vanzandt county did not have jurisdiction of the suit under the pleadings, and for this reason the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 27, 1883.]