## CHRISTENSEN v. FOSTER et al.*
### (No. 7805.)

Court of Civil Appeals of Texas. San Antonio.
June 15, 1927.

Rehearing Denied July 15, 1927.

**1. Venue ⚖️⟶32(2)—Venue statute, requiring suit to be brought in county where defendant has domicile, may be waived (Rev. St. 1925, art. 1995).**

Venue statute (Rev. St. 1925, art. 1995), providing that no one shall be sued out of the county in which he has his domicile, except in certain specified cases, may be waived.

**2. Venue ⚖️⟶17—Venue statute, requiring suit concerning land to be brought in county where land lies, may be waived (Rev. St. 1925, art. 1995, subd. 14).**

Venue statute (Rev. St. 1925, art. 1995, subd. 14), providing that suits for the recovery of lands or damage thereto, or to remove incumbrances, quiet title, or prevent waste, must be brought in county where the land lies may be waived.

**3. Venue ⚖️⟶5(1)—"Shall" or "must" in venue statute have same legal effect; both being peremptory (Rev. St. 1925, art. 1995, subd. 14).**

The words "shall" be sued and "must" be brought as used in the venue statute (Rev. St. 1925, art. 1995, and Rev. St. 1925, art. 1995, subd. 14), respectively, *held* to have the same meaning and legal effect; both being peremptory.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Must; Shall (In Statutes as Permissive or Mandatory).]

**4. Venue ⚖️⟶21—Privilege of being sued in county of residence is valuable right.**

The privilege of being sued in no other county than that of one's residence is a valuable right.

**5. Venue ⚖️⟶5(1)—Exception in venue statute permitting suit to be brought in county where land lies is for plaintiff's benefit (Rev. St. 1925, art. 1995, subd. 14).**

Rev. St. 1925, art. 1995, subd. 14, requiring that suits concerning lands must be brought in the county where the land lies, is for the benefit of plaintiff, since it is an exception to the general rule of the venue statute (Rev. St. 1925, art. 1995), requiring that suit shall be brought in the county where defendant resides.

**6. Venue ⚖️⟶17—Plaintiff bringing suit to recover land in county of defendant's domicile waived privilege of bringing suit in county where land was situated.**

Where plaintiff brought suit to recover land in the county where the defendant had his residence, he thereby waived his privilege of bringing suit in the county where the land was situated.

**7. Judgment ⚖️⟶457—Parties to judgment foreclosing vendor's lien should be joined in suit to set aside former judgment and recover the land.**

Parties to judgment foreclosing vendor's lien on real property should be joined in suit to set aside former judgment and recover the land.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Pete Christensen against W. H. Foster and others. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

Sidney P. Chandler, of Corpus Christi, for appellant.

H. S. Bonham, of Beeville, and W. E. Pope, of Corpus Christi, for appellee.

COBBS, J. In a former suit filed in Nueces county district court W. H. Foster and Lula M. Foster, husband and wife, recovered judgment of and from George A. Newgent and Frances F. Newgent upon a note in the sum of $1,183.83, with a foreclosure of a vendor's lien on the property involved in this suit against Frances F. Newgent, George A. Newgent, Pete Christensen, A. L. Ray, and Mrs. A. L. Ray. This is a suit to set aside this judgment and to recover the land which was involved in the former suit. In this suit A. L. Ray and Mrs. A. L. Ray were not made parties, though they were parties to the former suit and to the judgment rendered therein.

Defendant filed an original answer therein, specially reserving the right to file other and additional pleadings. On February 24, 1926, Pete Christensen, plaintiff herein, filed his first amended original petition, and thereafter on January 24, 1927, the defendants W. H. Foster and Lula M. Foster sought leave to file their plea in abatement, setting up the fact that the land involved in this suit lies in Kleberg county, and that according to plaintiff's petition the Federal Land Bank of Houston claimed a lien upon the property, and that in fact one L. Decker, of Nueces county, was the holder of said land under and by virtue of said judgment. The court refused leave to file the plea in abatement, except for the purpose of a bill of exception.

After the refusal of the court to permit defendants to file said plea in abatement, defendants then offered for filing, and were permitted to file, and did file, the plea termed "their plea to the jurisdiction of the court," setting up two grounds: (a) That the court had no jurisdiction to proceed with the trial of this cause, for the reason that the suit was one to recover title to lands in Kleberg county and to remove cloud from the title to said land; and (b) that A. L. Ray and Mrs. A. L. Ray, who were parties to the judgment

heretofore rendered in cause No. 7906, were not now parties to this suit, and that this court had no power to set aside said judgment without all parties thereto being again before the court. After a hearing upon this plea, plaintiff failing to ask leave to amend in any respect, the court dismissed the suit, and plaintiff below, now appellant, has brought this action of the trial court before the appellate court for review.

This record really presents but two grounds upon which a reversal is urgently sought. It seeks in the first place to set aside a judgment and is likewise a suit brought for the recovery of the land itself. Appellant concedes that, were the suit simply one to set aside the judgment for the recovery of land, it should be brought in Kleberg county, where the land was situated, but, while it might be necessary to seek relief in Nueces county to set aside the judgment, that he could at the same time by such proceeding have it tried as a suit to determine the title to land lying in Kleberg county over appellee's objection. Appellee urges the proposition that the court would not be. authorized to proceed to render judgment for the title to the land over defendant's objection, who had not waived the right to have the issue tried in the county where the land was ' situated. Another ground urged is that the court was without power to proceed with a trial without all the necessary parties at interest before the court.

Appellee urges his counterproposition that because the land sued for was situated in Kleberg county, necessarily, under the express terms of the statute, it could not be maintained in Nueces county, though the domicile of appellee, over the objection of defendant, because the venue is expressly fixed by law in the county where the land is situated. R. S. article 1995, subd. 14:

"*Lands.*—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land or a part thereof may lie."

[1, 2] In regard to the venue of suits generally, article 1995 in general terms provides that no inhabitant of this state "shall be sued out of the county in which he has his domicile except in the following cases," and subdivision 14, regulating suits for the recovery of lands, is one of those. Both are venue regulations and are privilege statutes which may be waived.

[3] In the first case the term ' "shall" be sued is used, and in the other the word "must" be brought is used. The meaning and legal effect of both is the same. Mitchell v. Hancock (Tex. Civ. App.) 196 S. W. 700. It is true the exceptions to the general rule are for the benefit of the plaintiff unless peremptory. Kinney v. McCleod, 9 Tex. 78; Carro v. Carro, 60 Tex. 395. But the language in both cases is peremptory.

[4, 5] It has been held that the privilege to be sued in the county of one's residence is a valuable right, in Birge v. Lovelady (Tex. Civ. App.) 145 S. W. 1194, and so held in many other cases. But that does not apply to suits for land, because that, being an exception to the general rule, is for the benefit of the plaintiff, and must be brought in the county where the land lies. Durango Land & Timber Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490.

[6, 7] If the defendant may waive, either directly or indirectly, by not timely filing the plea of privilege, so also the venue statute in respect to suing for the land in the county in which the land is situated, may be waived, and more especially so as in this case where the defendant is sued in the county of his residence. See case of Corinne Peters, Minor, v. Edwin D. Allen, 296 S. W. 929, decided by this court on June 8, 1927. We think the plea was waived in this case.

Again, we do not think the court should proceed with the trial of this cause without the presence of A. L. Ray and Mrs. A. L. Ray, as to whom, appellant states, the court "after a full and complete hearing evidently decided that the interest of A. L. Ray and Mrs. A. L. Ray was such that the judgment in cause No. 7906 should not and could not be set aside." They were parties to the judgment sought to be annulled.

From what has been said, we conclude the court erred in its judgment, and we accordingly reverse the judgment and remand this case for further proceedings.

Reversed and remanded.