**REPUBLIC INS. CO. v. WALTERS et al.**

**No. 11770.**

Court of Civil Appeals of Texas. Dallas.

Nov. 9, 1935.

Rehearing Denied Dec. 7, 1935.

Smithdeal, Shook, Spence & Bowyer and J. L. Shook, all of Dallas, for appellant.

Wynne & Wynne, of Wills Point, for appellees.

BOND, Justice.

This is an appeal from an interlocutory order of a district court of Dallas county, Tex., sustaining the defendants' pleas of privilege and transferring the plaintiff's cause of action in trespass to try title to Van Zandt county, Tex.

The plaintiff's suit, as disclosed by the petition, is for title and possession of two tracts of land located wholly in Van Zandt county, Tex., predicating its title on a trustee's deed executed and delivered by virtue of a sale under the power of two deeds of trust, given to secure promissory notes executed by the defendants, made payable in Dallas county, Tex., and transferred to the plaintiff. In other counts, the plaintiff seeks to recover on the notes for a deficiency judgment, if and when the court should divest title and possession of the land out of the defendants, and vest same in plaintiff; and, in the alternative, if the sale under the power of the deeds of trust did not effectually pass title, then the plaintiff seeks to cancel the credits given on the notes by virtue of the sale, for judgment on the full amount of the notes, and a judicial foreclosure of the deeds of trust liens.

The pleas of privilege are in statutory form, reciting the domicile of each of the defendants to be in Van Zandt county, Tex., and that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause." This allegation, while clearly a conclusion of the pleader, and, in ordinary pleadings, would not be sufficient, yet, the Legislature has prescribed the form and declared the sufficiency (art. 2007); the courts have no authority to hold otherwise. Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.(2d) 113; Johnson v. Bank (Tex.Civ.App.) 42 S.W.(2d) 870. The pleas of privilege, therefore, being sufficient and challenged by plaintiff's controverting affidavits, admit of proof of the existence of any exception of exclusive venue provided by law.

Article 1995, subd. 5, provides: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile;" and, subdivision 14 provides: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or part thereof, may lie."

Under the provision of subdivision 5, there can be no question that plaintiff's suit on the notes for a deficiency judgment, or, in the alternative, on the notes for the entire indebtedness and the establishment and foreclosure of the deeds of trust liens on the real estate described therein, may be maintained in Dallas county, separately and independently of any suit in trespass to try title or damage; and, under the provision of subdivision 14, the cause of action to re-

cover the land and damages thereto, if brought separately and independently of the other cause of action, could not be brought in Dallas county against pleas of privilege; and, under both of the subdivisions the two causes of action and the alternative plea, jointly or severally, could be maintained in Van Zandt county, irrespective of pleas of privilege challenging the venue in that county.

It is clear, we think, that the suit for the recovery of the lands and possession thereof and damages thereto are not incidents necessarily to be affirmatively pleaded to determine the validity of the notes deficiency. · The contingency of the nonexistence of the title vesting in plaintiff, to defeat recovery and possession, is clearly a defensive matter and would ultimately determine the rights of plaintiff for judgment on any deficiency and foreclosure of the lien. The issue of title to the land, therefore, is the crux of the situation. If the title fails, clearly, the plaintiff would not be entitled to a deficiency judgment, but may recover on the notes and foreclosure of the deeds of trust liens; on the other hand, if the title exists, by virtue of the deeds of trust foreclosure and the resultant trustee's deed, the plaintiff may be entitled to a deficiency judgment on the notes, and would not be entitled to recover for the entire indebtedness and a judicial foreclosure of the liens. The question of title to the land is a contingency for plaintiff's recovery for deficiency; but, to recover the lands, possession thereof and damages thereto are not contingencies for such recovery.

The primary and ultimate purpose of plaintiff's suit is to obtain judgment for the recovery and possession of lands located in Van Zandt county and for damages thereto, and thereafter to obtain judgment on the notes' deficiency. The question to be determined is, whether the plaintiff can maintain the venue of the suit to recover the land and damages in Dallas county, the land being located in Van Zandt county, by joining therewith the action on notes payable in Dallas county for the deficiency and/or in the alternative, on the notes for the entire indebtedness and for a judicial foreclosure. We are of the opinion that the suit to recover the land, possession thereof, and damages thereto are not maintainable in Dallas county against appellees' pleas of privilege, and cannot be joined with another and separate cause of action to retain venue in that county.

 The two causes of action could, under the two subdivisions quoted, be maintained in Van Zandt county, and it is a general policy of the law, to avoid a multiplicity of suits, that such suits should be brought as one action; but, because of the mandatory exception declaring the venue to suits, for the recovery of lands or damages thereto, "must" be brought in the county in which the land, or a part thereof, lies, courts would not be justified to strike down this declaration of the statute and exalt an opinion above the law, in order to extend the general equitable policy by retaining the entire suit against the statute. True, it seems to be a settled rule of law in this state that, in dealing with exceptions to the venue statute, which declare that a cause of action "may" be brought in a particular county, or the venue is controlled by contract, as where one or more notes are made payable in a certain county, another and separate note, or account, may be added, to which no mandatory exception has application, the venue may be retained of the entire cause of action in the county having venue of any part thereof against pleas of privilege. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935; Warner v. Gohlman, Lester & Co., Inc., 117 Tex. 145, 298 S.W. 890. In many of the exceptions embraced in the venue statute, it is provided that suits "may be brought" in some county other than the county of the domicile of the defendant; but, in many other exceptions, such as is involved here (subdivision 14), it is provided that the suit "must" or "shall" be brought in some other county. Courts do not extend the rule to causes coming clearly under the latter exceptions. Grogan-Cochran v. McWhorter (Tex.Civ.App.) 4 S.W.(2d) 995.

It would have been proper, in our opinion, to embrace in the order transferring the count in trespass to try title, recovery of possession and damages, the incidental and contingent relief on the notes to Van Zandt county, but, as the trial court did not deem proper to do so, and no complaint is made for the failure and the retention of venue of the contingent causes in Dallas county, we are not inclined to disturb the court's decision. The judgment of the lower court is affirmed.

Affirmed.