**HODGES et al. v. COKE COUNTY et al.**

**No. 5736.**

Court of Civil Appeals of Texas. Amarillo.

Sept. 16, 1946.

Rehearing Denied Oct. 11, 1946.

Motions to Certify Overruled Nov. 18, 1946.

See 197 S.W.2d 886.

936

Kennedy & Porter, of Morton, F. D. Brown and Nelson, McCleskey & Howard, all of Lubbock, for appellants.

Neill & Lewis, of San Angelo, G. S. Arnold, of Robert Lee, and H. S. Garrett, of Fort Worth, for appellees.

PITTS, Chief Justice.

Appellants, T. C. Hodges, Clifford Moores, and C. B. Wakefield, sued appellees, Coke County, Texas; and The Texas Company, a corporation, to cancel an oil and gas lease that Coke County through its Commissioners Court had on June 11, 1945, executed and delivered to The Texas Company covering one hundred seventy-seven acres of land situated in Cochran County to which land appellant, T. C. Hodges, claims fee-simple title, and in which the other appellants claim some character of mineral interest. In due course Coke County filed its plea of privilege to have the case transferred to the District Court of Coke County for trial and appellants controverted the plea. The trial court heard the issues and sustained the plea of privilege from which order appellants perfected an appeal to this Court.

The record reveals that the land in question had been Coke County school land and had been previously conveyed to appellant, T. C. Hodges, by Coke County with some sort of mineral reservations made and that the other appellants were claiming that appellant, T. C. Hodges, had conveyed some character of mineral interest in said land to them.

Appellants contend in three points of error assigned that Cochran County has venue by reason of the provisions of Subdivision 14 of Article 1995, Revised Civil Statutes, which provides that "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title

to land, or to quiet the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

Appellees claim venue in Coke County by reason of the provisions of Subdivision 19 of Article 1995 which provides that "Suits against a county shall be brought within such county."

Appellants contend also that the provisions of Subdivision 30 of Article 1995 lends some strength to Subdivision 14 since Subdivision 30 says, "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which the jurisdiction may be so expressly given." But we do not think Subdivision 30 gives any more support to Subdivision 14 than it does to Subdivision 19. We think it refers in particular to other laws separate and apart from Article 1995 that may have to do with jurisdiction or venue and lends no support to appellants' contentions in this case.

The only question presented to us for determination is which of the two subdivisions, 14 or 19, shall control in determining the question of venue in the action against Coke County.

Appellants contend further that there is an apparent conflict between the provisions of Subdivision 14 and Subdivision 19 of the said Article but that the "must" clause in Subdivision 14 will "control over the 'shall' provision of Subdivision 19."

Volume 27 Words and Phrases, Permanent Edition, pages 884 et seq. and Vol. 39 pages 91 et seq., in discussing the usages in various jurisdictions of the words "Must" and "Shall," says both words are usually mandatory when used generally in statutes and certainly so when the use of either word pertains to legal rights that ought to be exercised.

In the case of Christensen v. Foster Tex.Cr.App., 297 S.W. 657 (writ refused), the court says that the words "Shall" and "Must" as used in the venue statutes have the same meaning and the same legal effect and there cites the case of Mitchell v. Hancock, Tex.Civ.App., 196 S.W. 694, 700, in support thereof. We, therefore, do not agree with appellants' contention that

"Must" is a "stronger" word than "Shall" in such instances and will "control" over the word "Shall."

 We think it is necessary to determine the legislative intent in an effort to reconcile the two provisions hereinabove referred to in which event it is permissible to go behind the adoption of a code for aid in determining the intention of the legislature in respect to apparent ambiguous or repugnant provisions.

On May 11, 1846, the Texas Legislature passed "An Act to incorporate the several counties of this State, which now exist or which may be hereafter established." The first section of that act provided that each county "shall be a body corporate and politic." The second section provided how a county may sue and be sued. The third section provided ways and means for prosecuting and defending the county's interests in suits in which the county is a party. Section four says, "That all suits against a county shall be instituted and prosecuted to final judgment in some court of competent jurisdiction within such county." Section four of that act has been brought forward in each revision of the statutes and is now found to be Subdivision 19 of Article 1995 stated in fewer words. Two days later, on May 13, 1846, the same Legislature passed "An Act to regulate proceedings in the district courts." The first section of that act provided "That no person who is an inhabitant of this State shall be sued out of the county where he has his domicile except in the following cases, viz:" Then there follows eleven exceptions the last of which was that "in cases where the recovery of land, or damages thereto, is the object of a suit in which cases suit must be instituted where the land or a part thereof is situated," which provision has been brought forward and is now Subdivision 14 of Article 1995 stated in a little different language.

 It appears to us that the Legislature in passing the second act just two days after it had passed the first one, both of them becoming effective the same day, must have had in mind that "a county" should not be included within the term "person who is an inhabitant of this State." It had already made a special venue statu-

tory provision for suits against a county in the act incorporating counties in the State and the eleventh exception in the second act applied to persons only, which act made no reference to venue for counties. While Subdivision 19 is included under Article 1995 of the present statutes, it will be observed that the language first used in the Article is the same language as that used in the original act relative to fixing venue for persons only; that is, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" The act in both instances refers to "persons" who are "inhabitant[s] of this State," yet in the latter usage it includes along with the other exceptions Subdivision 19 fixing venue for suits against counties, but we think such is done, according to the next authority hereinafter cited, in order to collect under one head all provisions relating to venue and not for the purpose of making any changes in the purpose of the laws as they were originally enacted. It must be conceded that "a county" is neither a "Person" nor an "inhabitant." These matters are discussed by Judge Stephens in the case of Montague County v. Meadows, Tex.Civ. App., 31 S.W. 694, 695 (writ refused), which says in part: "As the venue act, containing this fourth exception, was passed by the same legislature only two days after that prescribing the venue of suits against counties,—both acts taking effect on the same day,—any apparent conflict between them should be reconciled on the ground that the subsequent act was intended to apply to all cases not before provided for; that is, the general venue statute prescribed the venue for all cases except suits against a county, which had already been specially provided for. * * * To apply to a county—a political subdivision of the state —the terms employed in the venue act, to wit, 'no person who is an inhabitant of this state,' etc., and 'defendants residing in different counties,' etc., at least strains the language to the utmost tension. It is certainly not its natural and ordinary meaning." The court then says with reference to including later the county venue statute with the exceptions subsequently enacted "The evident purpose was to collect under

one head all provisions relating to venue, rather than to make any change in the law as it stood before the adoption of the Revised Statutes."

It has likewise been held by the Commission of Appeals in the case of St. Louis, B. & M. R. Co. v. Marcofich, 221 S.W. 582, 583, that "If the later statute reasonably admits to a construction which will allow effect to an older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and, therefore, an implied repeal does not result, since in such case both may stand and perform a distinct office." Under this rule it appears to us that there is ample room for operation of the land venue exception, Subdivision 14, without impinging upon the previously enacted statute relating to suits against counties which has been brought forward and is now Subdivision 19.

In the case of Dallam County v. S. H. Supply Co., Tex.Civ.App., 176 S.W. 798, 803 (writ refused), suit was brought against a county in another county. Dallam County was brought into the suit as a defendant to show cause, if any it had, why plaintiff should not be permitted to foreclose its mortgage lien on certain property in which Dallam County claimed an interest. It was urged by appellant that the case should have been transferred on a plea of privilege to Dallam County because of the provisions in Subdivision 19, but the court refused to pass directly on the provisions of Subdivision 19. The court did say, however "It (Dallam County) had the right to either plead its privilege to be sued in Dallam county or to rely upon the want of jurisdiction in the district court of Jefferson county to try said cause as to it, but it did neither." In fact, Dallam County pleaded in reconvention in the trial court in Jefferson County setting up its claim of title to the property involved and asked that plaintiff's mortgage be adjudged void. The appellate court therefore held that Dallam County as a defendant waived its privilege to be sued in the court of Dallam County.

It seems that the courts have uniformly held that counties are declared by statute to be bodies corporate and politic and that they are so closely identified with the sovereign power of the state that they may be sued only upon the terms and conditions prescribed by the statute. This view is supported in the following cases in addition to those already cited: Dial v. Crosby County, Tex.Civ.App., 96 S.W.2d 534; Yantis v. Montague County, 50 Tex.Civ.App. 403, 110 S.W. 161; Hamilton County v. C. Garrett, 62 Tex. 602; City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226, 227.

It is our opinion that the trial court properly sustained the plea of privilege and appellants' points of error are therefore overruled.

The judgment of the trial court is affirmed.