## LEWIS v. GULF, C. & S. F. RY. CO.
### No. 12177.

Court of Civil Appeals of Texas. Galveston.
March 23, 1950.

Rehearing Denied April 27, 1950.

Joe J. Fisher, Joe H. Tonahill and Ward W. Markley, all of Jasper, for appellant.

Wrigley, McLeod, Mills & Shirley and Preston Shirley, all of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of a District Court of Galveston County, sustaining a plea of privilege in an action brought by appellant, Elister M. Lewis, for the recovery of damages for personal injuries alleged to have been sustained in Hardin County, Texas, while an employee of appellee, Gulf, Colorado and Santa Fe Railroad Company. Appellee filed its plea of privilege under Subdivision 25 of Article 1995, Vernon's Annotated Civil Statutes, to have the action tried in Hardin County,

the county in which appellant's injury was alleged to have occurred, and in which appellant resided at the time he was injured. Appellant in due time filed a controverting affidavit, in which he claimed that Subdivision 25 of said Article 1995 was not available to appellee under the facts in this action, since the suit was brought in the county in which appellee had its legal domicile and residence.

Upon a hearing before the court on appellee's plea of privilege and appellant's controverting plea, the court entered an order sustaining appellee's plea of privilege and directing that the case be transferred to the District Court of Hardin County. Appellant has appealed from this order.

Appellant was employed by appellee as a train brakeman on or about July 15, 1949, in Hardin County, Texas, at which time he sustained personal injuries to his body. Appellee operated a railroad line in and through Hardin County. Suit was filed in Galveston County, the county in which appellee has its domicile, office, and place of business, under the general provisions of the venue statute, Article 1995, R.C.S.

The controlling questions to be determined in the appeal are, first, whether a suit which involves a mandatory subdivision of said Article 1995, requiring that a suit must be commenced in a particular county without reference to whether or not it is the domicile of the defendant, must be transferred to the county covered by the mandatory subdivision upon the filing of a proper plea of privilege; and, second, whether Subdivision 25 of Article 1995 is mandatory in the sense that when a railroad corporation objects in proper time and manner by a plea of privilege to the trial of a suit brought by a resident of this State, and arising from personal injuries to the plaintiff, in a county other than that in which the injuries occurred, and the necessary facts sustaining the plea have been established, the cause must be transferred to the county where the injury occurred.

The material parts of Subdivision 25 of Article 1995 read: "Railway personal injuries.—Suits against railroad corporations, or against any assignee, trustee or receiver

operating any railway in this State, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. * * *"

■ The subdivisions of said Article 1995, which is a general venue statute in this State, may be divided into two classes, those subdivisions which are permissive or "may" subdivisions, under which a plaintiff may either sue in the county of the defendant's residence or in a county provided under a permissive or "may" subdivision, and those subdivisions of the statute which are mandatory and which, upon proper plea, require that the suit be brought in a particular county, regardless of the residence of the defendant.

The mandatory provisions of said Article 1995 are:

Subdivision 14, Lands—"must be brought".

Subdivision 16, Divorce—"shall be brought".

Subdivision 17, Injunction—"shall be brought".

Subdivision 18, Revision of probate— "must be brought".

Subdivision 20, Heads of Departments— "shall be brought".

Subdivision 22, Railway lands—"shall be brought".

Subdivision 25 (the subdivision under which this action was brought)—"shall be brought".

Subdivision 29, Libel or slander—"shall be brought, and can only be maintained".

■ It is well settled that if a suit is brought under the provisions of any of the mandatory subdivisions above referred to, the defendant is entitled to have the case transferred to the county provided for in such mandatory provision, regardless of the defendant's residence, upon the filing of the proper plea.

The general rule relating to this question is announced in the early case of Kinney v. McCleod, 9 Tex. 78, in which it is said:

"The statute confers upon the defendants the general right to be sued in the forum of their respective domicile, but this privilege is not universal. There are various exceptions to the rule, some of them imperatively requiring suits to be instituted elsewhere, and others leaving them to be brought, either in express terms or by implication, at the residence of the defendant or in some other designated county.

"For instance, married women must be sued in the counties in which their husbands reside; executors, administrators, guardians, and trustees in the county in which the estate is administered; and where the recovery of land and damages thereto is the object of the suit, it must be brought in the county where the land or a part thereof is situated. But where the object of the suit is the foreclosure of a mortgage it is not declared, as in the above cases, that it must be prosecuted in the courts of the county where the mortgaged premises lie, but only that it may be so prosecuted. It is the general right of the defendant to be sued in his own county, but where the suit is on a mortgage the plaintiff has the privilege of suing in the county where the property is situated."

This rule is also announced in the early case of Carro v. Carro, 60 Tex. 395, in which the court in its opinion said: "Article 1198, Revised Statutes [Vernon's Ann. Civ.St. art. 1995], provides that 'no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile,' except in certain cases, which are set forth in the act itself. Some of these exceptions are peremptory, requiring positively that suit must or shall be commenced in a particular county without reference to whether or not it is the domicile of the defendant. All of such exceptions are founded upon special reasons which make it important that the general rule on the subject of venue should be varied as to the cases included in them * * *"

The precise question involved in this appeal was decided by the Supreme Court, under a slightly different state of facts, in the case of South Texas Development Co. et al. v. Williams et al., 130 Tex. 217, 107

S.W.2d 378, 379. In that case suit was brought in the District Court of Harris County, in which county several of the defendants resided. The suit involved the title to land situated in Montgomery County, and the defendant residents of Harris County, among others filed pleas of privilege to have this suit tried in the District Court of Montgomery County, the county in which the land was situated. The trial court sustained a demurrer to the plea of privilege on the theory that, as to the defendants residing in Harris County, they could not insist upon the privilege of being sued in a county outside the county of their residence. The defendants who resided in Harris County appealed. The Court of Civil Appeals certified the following question to the Supreme Court: "* * * The action being one affecting land located in Montgomery County within the purview of section 14 of R.S. Article 1995, did that statute confer upon the appellants—in response to their pleas of privilege, which so expressly recited that they resided in Harris County—the right to be sued thereon only in Montgomery County, where the land lay?"

In answering this certified question, the Supreme Court said:

"Subdivision 14 of article 1995 is as follows: 'Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.'

"While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county." (Citing cases.)

In the case of Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, 70, the Supreme Court, in affirming the opinion in the case of South Texas Development Co. et al. v. Williams, supra, said: "The opinion written by Judge German in South Texas Development Co.

v. Williams, 130 Tex. 217, 219, 107 S.W.2d 378, 379, contains an accurate statement of the other sense in which subdivision 14 is mandatory. It is: 'While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county'."

These expressions by the Supreme Court of this State are, we think, equivalent to the announcement of the rule by that Court that when a suit is brought in the county of the defendant's residence, if it involves a mandatory subdivision of Article 1995, which requires that it be tried in a particular county without reference to whether or not it is the domicile of the defendant, upon proper plea the case must be transferred to the county covered by the mandatory subdivision.

Under the rule established in the last two quoted cases, the only question to be determined in this appeal is, we think, whether the provisions of said Subdivision 25 of Article 1995 are mandatory?

In the case of Kountze et al. v. Smith et al., Tex.Civ.App., 97 S.W.2d 737, 738, the court, in discussing the effect of the "shall" and "must" provisions of the venue statute, said: "Our revised statutes provide that no person who is an inhabitant of this state shall be sued out of the county of his domicile except in certain cases specifically recited. Some of the exceptions so provided are merely permissive and some are expressed in mandatory terms, such as 'shall be brought' or 'must be brought' in a county bearing some specific relation to the subject-matter of the suit. * * *"

In the case of Hodges et al. v. Coke County et al., Tex.Civ.App., 196 S.W.2d 935, 936, in discussing the "must" and "shall" provisions of the venue statute, the court said:

"Appellants contend further that there is an apparent conflict between the provisions of Subdivision 14 and Subdivision 19 of the said Article but that the 'must' clause

in Subdivision 14 will 'control over the "shall" provision of Subdivision 19.'

"Volume 27 Words and Phrases, Permanent Edition, pages 884 et seq. and Vol. 39, pages 91 et seq., in discussing the usages in the various jurisdictions of the words 'Must' and 'Shall,' says both words are usually mandatory when used generally in statutes and certainly so when the use of either word pertains to legal rights that ought to be exercised."

Continuing, the court said: "In the case of Christensen v. Foster, Tex.Civ.App., 297 S.W. 657 (writ refused), the court says that the words 'Shall' and 'Must' as used in the venue statutes have the same meaning and the same legal effect and there cites the case of Mitchell v. Hancock, Tex.Civ.App., 196 S.W. 694, 700, in support thereof. We, therefore, do not agree with appellants' contention that 'Must' is a 'stronger' word than 'Shall' in such instances and will 'control' over the word 'Shall.' "

The following cases are in accord with the rule above announced: Republic Ins. Co. v. Walters et al., Tex.Civ.App., 88 S.W. 2d 726; Dennis v. Gulf Coast & Santa Fe Ry. Co., Tex.Sup., 224 S.W.2d 704; Gulf Coast & Santa Fe Ry. Co. v. Rogers, 37 Tex.Civ.App. 99, 82 S.W. 822,—Writ of error refused; and, Pecos & N. T. Ry. Co. et al. v. Thompson, 106 Tex. 456, 167 S.W. 801.

Under the above-cited authorities, it seems clear that where a mandatory subdivision of Article 1995 is involved, a defendant has the right to have the case transferred to the county provided for therein, even though the suit was originally brought, as in the instant case, in the county of the defendant's residence; and, that Subdivision 25 is a mandatory subdivision of said Article 1995. The rule also seems to be well settled that when a mandatory subdivision of Article 1995 is involved and the suit has been brought in the county of the defendant's residence, the defendant may, by a proper plea, require its transfer to the county provided for and designated by the provisions of said subdivision.

It follows, we think, that the trial court properly directed that this case be transferred to the District Court of Hardin County.

The judgment of the trial court is in all things affirmed.

Affirmed.