Frederick J. HOPMANN, Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.

No. 1210.

Court of Civil Appeals of Texas, Tyler.

May 3, 1979.

Rehearing Denied May 31, 1979.

James H. Brannon, Schmidt & Matthews, Houston, for appellant.

W. T. Womble, Houston, for appellee.

MOORE, Justice.

This is a venue case. Appellant, Frederick J. Hopmann, brought suit in the district court of Harris County, Texas, under the Federal Employer's Liability Act, 45 U.S. C.A., subsection 51, et seq., seeking to recover damages for personal injuries sustained while employed as a brakeman for appellee, Southern Pacific Transportation Company. The incident was alleged to have occurred on June 23, 1977, at Luling, Caldwell County, Texas. Appellant alleged in his petition that he was a resident of Bexar County, Texas, at the time of the occurrence in question and that the appellee was a railroad corporation engaged in interstate commerce doing business in Harris County, Texas, where it maintained its offices and place of business.

Appellee duly filed a plea of privilege to have the cause transferred to Caldwell County, Texas, or in the alternative, to Bexar County, Texas, relying upon Article 1995, subdivision 25, Vernon's Annotated Texas Civil Statutes. Appellant responded with a controverting affidavit alleging that under Article 1995, supra, venue was properly laid in Harris County due to the fact that appellant does business in Harris County and maintains its offices and principal place of business there. After a hearing before the court, without a jury, the trial court sustained Southern Pacific's plea of privilege and ordered that the cause be transferred to Bexar County, Texas, from which order appellant perfected this appeal.

On the venue hearing, it was stipulated that: (1) plaintiff was employed by defendant, Southern Pacific Transportation Company, on the date of his alleged injury on July 23, 1977; (2) the injury occurred in Caldwell County, Texas; (3) at the time of his injury plaintiff was a resident of Bexar County, Texas; (4) that at all times material to this suit Southern Pacific Transportation Company was doing business in Harris County, Bexar County and Caldwell Coun-

ty; (5) that for the purpose of venue only, it was stipulated that plaintiff's pleading alleged a cause of action for venue purposes under the Federal Employer's Liability Act, and that all necessary facts to support the pleading had been established; and (6) that if the plea of privilege was sustained by the trial court, it was stipulated that plaintiff's suit would be transferred to Bexar County, Texas.

Under the first point, appellant contends that the trial court erred in transferring the cause to Bexar County because federal law governs, and under Title 45, U.S.C.A., subsection 56, this suit was properly brought in Harris County.

Subsection 56 of the Federal Employer's Liability Act provides, in part, as follows:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

Appellant takes the position that since the Act provides that the jurisdiction of the federal and state courts shall be concurrent, the state courts are obligated to apply the venue provisions provided by the Act. He argues that the right to select the forum and maintain suit in any county where appellee does business, is a substantial right granted by congress, and to apply subdivision 25 of the Texas Venue Statute would deny him that right and would thwart the express purpose of the Federal Employer's Liability Act.

The railroad company, on the other hand, contends that venue is controlled by subdivision 25 of Article 1995, supra, the material part of which reads as follows:

"25. Railway personal injuries.—Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this State, for damages arising from personal injuries, re-

sulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. . . ."

In our view, the precise issue now presented was previously decided in *Missouri Pacific Ry. Co. v. Little*, 319 S.W.2d 785 (Tex.Civ.App.—Houston 1958, no writ history, cert. den., 361 U.S. 823, 898, 80 S.Ct. 69, 194, 4 L.Ed.2d 67, 153). In the *Little* case, the railroad employee brought suit against his employer for personal injuries sustained in McLennan County, Texas. At the time of the accident, plaintiff was a resident citizen of McLennan County, and his injuries occurred while he and his employer were engaged in interstate commerce. The action was brought under the Federal Employer's Liability Act and suit was filed in Houston, Harris County, Texas. At the state district court level, the plaintiff's employer, Missouri Pacific Ry. Co., sought, by way of plea of privilege, to remove the cause to the county in which the plaintiff resided and in which he sustained the injury. Missouri Pacific based its contention on Article 1995, subdivision 25, supra, just as the appellant does in this case. The district court overruled the railroad's plea of privilege and the railroad appealed. The Houston Court of Civil Appeals reversed the case and ordered the cause transferred to McLennan County. In holding that subdivision 25 of the Texas Venue Statute (Article 1995) was controlling and that the venue provisions of section 56 of the Federal Employer's Liability Act were not applicable to suits filed in state courts, the court of civil appeals stated at page 787:

"It is perfectly obvious that in the first sentence of the second paragraph of Section 56 the Congress was undertaking to establish the venue of suits under the Federal Employers' Liability Act brought in *a district court of the United States.* (Emphasis supplied.) Nothing is said concerning the venue of an action that is brought in a state court.

"The legal doctrine that the clear expression of the one excludes the other is

so ancient that it comes down to us in the time-honored maxim 'expressio unius est exclusio alterius.'

"After prescribing venue in the United States courts, Section 56 then provides, 'The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.' This provision is concerned with jurisdiction, not venue."

In support of its decision the court of civil appeals cited the case of *Miles v. Illinois Central Ry. Co.*, 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, involving a Federal Employer's Liability Act case, wherein the court stated at page 788:

"'Words were simultaneously adopted recognizing the jurisdiction of the state courts by providing that the federal jurisdiction should be concurrent. *The venue of state court suits was left to the practice of the forum.*' (Emphasis ours.)"

In *Baltimore & Ohio Ry. Co. v. Kepner*, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, the Supreme Court held that a state could not validly exercise its equitable jurisdiction to enjoin a resident of the state from prosecuting a cause of action arising under the Federal Employer's Liability Act in the federal court of another state, since under the supremacy clause the venue section of the federal Act was controlling. While the ruling in that regard is irrelevant to the present inquiry, it is significant to note that in the course of the opinion the Supreme Court made this statement at page 9 of 62 S.Ct.: "*Section 6 [45 U.S.C.A. sec. 56] establishes venue for an action in the federal courts.*" (Emphasis ours.)

■ We have found no case, and have been cited none, holding that venue provisions of sec. 56 of the federal statute is applicable to actions filed in a state court. The statements made by the United States Supreme Court in the cases cited above clearly indicate that Section 56 of the Act is to be interpreted as establishing venue for an action in the federal courts and that venue in state court actions are controlled by the venue statutes of the forum. Since appellant filed his suit in the Texas court,

the federal venue statute was not applicable. Accordingly, appellant's first point is overruled.

Under the second point, appellant contends that the provisions of subdivision 25 of Article 1995, supra, are not mandatory but were enacted for the benefit of the plaintiff, thus giving him a right to elect to either follow subdivision 25 or to sue appellant at its domicile in Harris County.

■ It has long been the law in this state that subdivision 25 of Article 1995 is mandatory and that suits controlled by this subdivision must be commenced in the particular county mentioned therein without reference to whether or not it is the domicile of the defendant. *Lewis v. Gulf, C. & S.F. Ry. Co.*, 229 S.W.2d 395 (Tex.Civ.App. —Galveston 1950, writ dism'd); *Texas & N. O. R. Co. v. Tankersley*, 246 S.W.2d 253 (Tex.Civ.App.—San Antonio 1952, no writ); *Missouri Pacific Ry. Co. v. Little*, supra; see also *Kinney v. McCleod*, 9 Tex. 78 (1852). In *Lewis v. Gulf, C. & S.F. Ry. Co.*, supra at 397, the Galveston court summarized the rights of the parties under the mandatory provisions of Article 1995 in the following language:

"It is well settled that if a suit is brought under the provisions of any of the mandatory subdivisions above referred to, the defendant is entitled to have the case transferred to the county provided for in such mandatory provision, regardless of the defendant's residence, upon the filing of the proper plea."

Applying the foregoing rules of law to the facts of the present case, it is obvious that appellant cannot maintain venue in Harris County, Texas, in face of the mandatory provision of the Texas statute providing otherwise. Appellant's second point of error is overruled.

■ By the third and final point, appellant argues that if subdivision 25 of Article 1995 is mandatory, then it is unconstitutional because it denies substantial federal rights. Specifically, he contends that if subdivision 25 is mandatory it is unconstitutional because it not only deprives him of

one of the substantial rights given to him by the federal Act, but also it discriminates against him and causes a lack of uniformity in the application of the federal Act. However, no authority is cited for this proposition. After considering appellant's argument, we are convinced that it is without merit.

The F.E.L.A. claimant is given the election to sue in the federal court or the state court. Where he chooses to sue in the federal court, the right to select the forum granted by the federal statute constitutes a substantial right which the various states may not defeat. *Boyd v. Grand Trunk Western Ry. Co.*, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949); *Missouri Pacific Railroad Company v. Little*, supra. The substantial right granted, however, applies only to the right to maintain venue in accordance with the federal Act in cases filed in the federal courts. Where the injured employee chooses to sue in the state courts, his suit is subject to the venue statutes of the state. *Miles v. Illinois Central Ry. Co.*, supra; *Missouri Pacific Ry. Co. v. Little*, supra. It is clear that the Congress did not intend to give the F.E.L.A. claimant who files suit in the state court the same venue rights as those provided for in suits filed in the federal court, otherwise the Congress would have said so. When appellant elected to file his suit in the state court, he no longer had federal venue rights subject to protection. Consequently, the application of the Texas venue statute would not defeat or curtail any of appellant's federal venue rights. Since the Texas venue statute deprived him of no federal right, it follows that it could not be unconstitutional and void on such grounds.

■ Further, we find that we are unable to agree with appellant's contention that the mandatory provisions of subdivision 25 of Article 1995 renders the Texas statute discriminatory and in violation of the 14th Amendment of the Constitution of the United States. This same question was addressed by the court in *Missouri Pacific Ry. Co. v. Little*, supra. After reviewing the Texas statute in question, the court in that case concluded, at page 788, that the statute fully protects the plaintiff and could not, in any way, be construed as discriminatory. After a careful review of the statute, we are convinced that the court in that case reached the proper result and that the statute should not be struck down on that basis.

It follows from what we have said that we are of the opinion that appellant had no legal or constitutional right to maintain venue in Harris County, Texas.

Accordingly, the judgment of the trial court is affirmed.