**Joseph F. CORPENING, Individually and as Independent Executor of the Estate of A. V. Corpening, Jr., Deceased, and as Trustee of the A. V. Corpening, Jr. Inter Vivos Trust**

v.

**A. V. CORPENING III, Joseph D. Corpening, Ann S. Corpening, Individually and as Next Friend of Melissa Corpening, a Minor.**

No. 18443.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 6, 1980.

Rehearing Denied Dec. 4, 1980.

Jennings, Montgomery, Dies & Turner, Graham, Watson, Ice & McGee and Noel C. Ice, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Robert D. Maddox and Robert S. Newkirk, Fort Worth, for appellee.

## OPINION

PER CURIAM.

By our opinion in this case we hold it to be proper to dismiss, on motion, appeal from order overruling a plea of privilege when it is shown that such plea of privilege of defendant/appellant could not have urged a right to have the suit removed from the county of suit because it was not timely filed under the rules relating to due order of pleading.

For convenience the defendant Joseph F. Corpening, individually and in various capacities as executor and trustee, will hereinafter be termed the defendant. A. V. Corpening, III, and his co–plaintiffs will hereinafter, for convenience, merely be termed the plaintiffs.

In the District Court of Tarrant County plaintiffs brought suit against the defendant on various counts, primarily for an accounting, but also for recovery of their trust estate and to impress with a constructive trust the assets belonging to plaintiffs found in the hands of the defendant, and through him, in the hands of the third parties; for the appointment of a receiver of the trust estate–defendant having been charged with prior resignation as trustee; for injunction; damages; and removal of defendant as independent executor, etc. By the allegation of their petition, as predicate for their prayer for relief, plaintiffs charged defendant with conversion and/or mismanagement of properties of the plaintiffs and of the estate for which he was independent executor, as applied to which plaintiffs were the beneficiaries, coupled with the charge that as applied thereto "that during the marriage of Plaintiff Ann S. Corpening and A. V. Corpening, Jr., there was acquired and accumulated a substantial community estate consisting of interests in real estate, including but not limited to oil, gas and other mineral interests, chattels, choses in action, and other rights, the majority in value of which estate was being operated by Plaintiff and her deceased husband, A. V. Corpening, Jr., in a sole proprietorship business conducted under the name of Corpening Enterprises, 1308 Continental National Bank Building, Fort Worth, Texas."

Further, in the body of the original petition appeared allegation that "subsequent to qualifying as the Independent Executor of the Estate of A. V. Corpening, Jr., Deceased, and Trustee of the inter vivos trust, (defendant) wrongfully, fraudulently, and in violation of his fiduciary duties embarked upon a course of conduct in which he used assets of the trust for his own personal benefit, . . . receiving and converting to his individual account ownership of oil and gas mineral and leasehold interests rightfully belonging to the estate, . . . ."

In connection with the foregoing pleading is to be noticed the Texas Venue Statute, Tex.Rev.Civ.Stat.Ann. art. 1995, (1964) together with the exception by Subdivision 14, containing language as follows:

"14. Lands. Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

There is no question but that by the subdivision the defendant could have filed a plea of privilege, and had he done so there would have been entitlement to litigate the question of venue. Indeed, it has been held that where a timely filed plea of privilege in which land located in a different county is involved, it matters not that by the defendant's plea of privilege he sought transfer of the case to his own residence in yet a

wholly different county; that the court at time of the hearing might ascertain where the land was located, whereupon the proper order would be one transferring the case to that county—and not to that where the defendant had his residence. *Black v. Black*, 82 S.W.2d 1073 (Tex.Civ.App.–Dallas, 1935, no writ).

In the instant case the defendant filed his answer, consisting of a general denial. He did not take any action related to a change of venue until after his answer had been on file for some time; indeed until a time when he discovered *lis pendens* notices had been filed in several counties other than that of the county of suit. Thereby he deemed himself threatened as applied to realty and/or interests in realty in said counties. It was then that he filed a plea of privilege. (Of interest is that defendant has, himself, subsequently filed suits in several counties to remove clouds allegedly cast on his titles by reason of the notices filed.)

In response to the defendant's late filed plea of privilege the plaintiffs sought to have the same stricken and not heard. In an abundance of precaution their controverting affidavit was filed. The court did proceed to hear the same and rendered judgment overruling it. It is from this order that the defendant appealed. The record was received and docketed as an appealed case in this court. Then followed the plaintiffs'/appellees' motion to dismiss such appeal. The theory underlining the motion is that the defendant was not entitled to have his plea of privilege heard by the trial court because any right thereto had been waived for failure to timely file it; that thereby and upon the strength thereof the defendant could not urge any matter which by due course of pleading had been waived. This situation likewise existed upon the appeal having been filed in this court.

Where such a question is posed by a motion to dismiss the appeal we perceive no occasion to permit the case to remain on our docket as one to be tested as in ordinary appeals. It is apparent that when there is waiver, there is no need. Because, as appears in this case, the very right to present a question upon the matter of change of venue had been waived, we deem appropriate an order dismissing the appeal, summarily issued.

The exception by Art. 1995, Sub. 14 is what is commonly termed a "mandatory provision" requiring maintenance of the suit in the county where the subject land is located. However, the matter of importance is the capacity of the court to proceed. Where a "mandatory" venue provision is involved the defendant, upon filing a proper plea of privilege, is entitled to have the case transferred to the county which the subdivision prescribes as that in which the suit should have been brought, even though suit is brought in the county where the defendant resides. *Lewis v. Gulf, C. & S. F. Ry. Co.*, 229 S.W.2d 395 (Tex.Civ. App.–Galveston, 1950, writ dism'd).

However, the subdivision is not jurisdictional. Answering certified questions in *South Texas Development Co. v. Williams*, 130 Tex. 217, 107 S.W.2d 378, 379 (1937), (citing cases), the Commission of Appeals wrote:

"While this subdivision is *not* jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant *objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated*, the cause must be transferred to that county." ' (Emphasis supplied).

Furthermore, in *Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65, 70 (1942), the court wrote:

" 'While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant *objects in proper time and manner* to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county.' "

And at another point in the same opinion:

"By reason of the use of the word 'must', subdivision 14 is mandatory in the sense

**332**

that 'whenever the purpose of the suit is within the purview of that subdivision *and a proper plea of privilege is urged*' it prevails over other subdivisions, the language of which is permissive only."

■ In this case the defendant could have, but did not file a plea of privilege before it filed its answer. He claims he could not have been given fair notice by the plaintiff's petition reasonably occasioning his awareness that there should be any plea of privilege filed. When the rules applicable to special proceedings are inapplicable and a defendant is served with a pleading which fails to give fair notice because it is excessively general, uncertain, indefinite or ambiguous, the practice in Texas is to raise such a point by special exception or a motion of similar import. Tex.R.Civ.P. 90 and 91; 2 McDonald, Texas Civil Practice, Sec. 7.21 (1970). It is generally true that when a defendant specially excepts to deficiencies in a plaintiff's pleading before filing a plea of privilege, the plea of privilege is waived. However, this rule of waiver applies only when judicial power is invoked on a matter and in a manner which negates a continuing intent to insist upon the plea of privilege. *Southwestern Bell Telephone Company v. Thomas*, 535 S.W.2d 686 (Tex.Civ. App.–Corpus Christi, 1975), aff'd in part and rev'd in part on other grounds at 554 S.W.2d 672 (Tex.1977); 1 McDonald, Texas Civil Practice, Sec. 4.40 (Rev. 1965).

■ In this case, had the defendant not desired to have the trial held in the county of suit, but was uncertain how to respond to the plaintiffs' petition, he should have specially excepted, making it clear that his motive therefore was the clarification of which land was being sought by the plaintiffs and that his exceptions were in furtherance of an intent not to waive his right to rely upon a plea of privilege.

In this case the defendant/appellant waived any right to rely upon a plea of privilege.

The appeal is dismissed.